565 So.2d 871 (1990)
Manuel CHARLES, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1376.
District Court of Appeal of Florida, Fourth District.
August 15, 1990.
*872 Michael D. Gelety, Special Public Defender, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers and Joan Fowler, Asst. Attys. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Manuel Charles, and four codefendants, were charged with conspiracy to traffic in cocaine and appellant was found guilty as charged. Three appellate points have been presented but only one has merit, that having to do with the jury selection process.
During jury selection, the state struck the three black jurors on the panel. Mr. Nurik, counsel for a codefendant, challenged the state's action as racially motivated. The state responded with an explanation that was unimpressive and would not withstand scrutiny under the test set forth in State v. Slappy, 522 So.2d 18 (Fla. 1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), and Roundtree v. State, 546 So.2d 1042 (Fla. 1989). For example, the examination of these stricken jurors was merely perfunctory and other white jurors were seated where stronger grounds for challenge existed as to them. Our examination of the record leads us to conclude that it was error to allow the state to challenge said jurors.
Appellee contends that the error was not preserved because the objection was initially made by a codefendant and not joined in by Charles. In addition, appellee also contends error was waived because at the end of the voir dire the court asked each counsel if he was satisfied with the jury and appellant's counsel acknowledged that he was satisfied. However, the record does not support the waiver theory because at the beginning of the voir dire counsel for Charles asked the court if the objection by one counsel would stand as an objection by all defendants. The court authorized that procedure. So Mr. Nurik's questioning of the state's procedure stood for all defendants. The contention that at the end of the voir dire all defendants agreed to the jury is also unavailing because the question posed by the court regarding acceptance by all was made before Mr. Nurik raised the question of the state's action being racially motivated.
Accordingly, we find reversible error demonstrated regarding the state's striking of said jurors, which requires reversal for a new trial.
GUNTHER and WARNER, JJ., concur.