618 So.2d 174 (1993)
Eddie JOINER, etc., Petitioner,
v.
STATE of Florida, Respondent.
No. 79567.
Supreme Court of Florida.
May 13, 1993.
*175 James B. Gibson, Public Defender, and Kenneth Witts and Sophia B. Ehringer, Asst. Public Defenders, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and David G. Mersch and Nancy Ryan, Asst. Attys. Gen., Daytona Beach, for respondent.
SHAW, Judge.
We review Joiner v. State, 593 So.2d 554 (Fla. 5th DCA 1992), based on conflict with Kibler v. State, 546 So.2d 710 (Fla. 1989), and Jefferson v. State, 595 So.2d 38 (Fla. 1992).[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The Fifth District Court of Appeal affirmed the convictions of Eddie Joiner (Joiner) for possession of a controlled substance and resisting arrest without violence. Joiner contends that State v. Neil, 457 So.2d 481 (Fla. 1984), clarified, State v. Castillo, 486 So.2d 565 (Fla. 1986), was violated when the State gave an inadequate reason for a peremptory challenge of an African-American juror. The district court held that Joiner failed to preserve his objection to the composition of the jury.
During jury selection the State peremptorily challenged Mrs. Gamble, an African-American. After the State had excused her, defense counsel asked the court to inquire as to the reasons and the court did so. The State replied: "I would like to constitute the jury with some people down the line I prefer more, and including another juror." Joiner, 593 So.2d at 555-56. The judge erroneously ruled that the reason given for the strike satisfied the Neil inquiry in that it was racially neutral. There is no doubt that the State gave an inadequate reason for exercising a peremptory challenge against Mrs. Gamble. We held in Kibler that the reasons "I preferred other jurors" and "I liked [other jurors] better" were insufficient to rebut the defendant's assertion that the exercise of a peremptory challenge was racially motivated. Joiner's counsel correctly registered disagreement with the trial court's ruling, voir dire continued, the jury was accepted by both parties, and Joiner was found guilty. In concluding that Joiner had failed to preserve the Neil issue, the district court reasoned:
We believe that a party must do more than request a Neil inquiry and voice disagreement with an opponent's explanation. If a party is dissatisfied with a jury panel after hearing an explanation elicited through a Neil inquiry, some remedy should be requested of the trial court. For example, the defense in the instant case should have moved to strike the jury panel at some time during the jury selection process, but before the *176 jury was sworn, at the latest. The defense did not do this; on the contrary, at the end of the jury selection, the defense stated that the jury was acceptable. Further, no mention of the jury selection was made in the motions for acquittal during the trial, and it was only after receiving the adverse verdict and judgment that the issue was again raised in a motion for acquittal or new trial.
Joiner, 593 So.2d at 556 (citation omitted).
We held in Jefferson that striking the entire jury panel is not the only remedy for a Neil violation. There we held that seating the improperly challenged juror is a proper remedy for a Neil violation. We agree with Joiner that a new panel may exacerbate rather than alleviate the constitutional violation Neil is designed to remedy. We therefore disapprove the lower court's suggestion that the preferred procedure for reserving the issue is to move to strike the jury panel. We also agree with Joiner that a motion for judgment of acquittal is designed to test the sufficiency of the evidence against a defendant and is therefore an inappropriate vehicle for a Neil objection. Anderson v. State, 504 So.2d 1270 (Fla. 1st DCA 1986).
We do not agree with Joiner, however, that he preserved the Neil issue for review. He affirmatively accepted the jury immediately prior to its being sworn without reservation of his earlier-made objection. We agree with the district court that counsel's action in accepting the jury led to a reasonable assumption that he had abandoned, for whatever reason, his earlier objection. It is reasonable to conclude that events occurring subsequent to his objection caused him to be satisfied with the jury about to be sworn. We therefore approve the district court to the extent that the court held that Joiner waived his Neil objection when he accepted the jury.[2] Had Joiner renewed his objection or accepted the jury subject to his earlier Neil objection, we would rule otherwise. Such action would have apprised the trial judge that Joiner still believed reversible error had occurred. At that point the trial judge could have exercised discretion to either recall the challenged juror for service on the panel, strike the entire panel and begin anew, or stand by the earlier ruling.
We take this opportunity to clarify a misapprehension of the part of the State. The State argues that because the juror who replaced Mrs. Gamble was also an African-American, any Neil violation was cured. This argument misconstrues our holding in Taylor v. State, 583 So.2d 323 (Fla. 1991). Taylor held that a substantial likelihood that the State was exercising its peremptory challenges in a discriminatory way had not been shown and therefore the trial court had not erred in refusing to require the State to provide its reasons. We decline the State's invitation to rule that as long as an improperly challenged juror is replaced by a member of the same minority the constitutional infirmity is cured. Jurors are not fungible. Each juror has a constitutional right to serve free of discrimination. The striking of a single African-American juror for racial reasons violates the Equal Protection Clause. State v. Slappy, 522 So.2d 18, 21 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). Were we to endorse the State's view we would retain no practical device for redressing each person's right to serve on a jury free of being stricken for racially discriminatory reasons.
Accordingly, we approve the result in the district court below, although not the reasoning.
It is so ordered.
BARKETT, C.J., and McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., concurs in result only.
NOTES
[1] Conflict was also alleged with Adams v. State, 559 So.2d 1293 (Fla. 3d DCA), dismissed, 564 So.2d 488 (Fla. 1990), and Charles v. State, 565 So.2d 871 (Fla. 4th DCA 1990). These cases are distinguishable and therefore are not in conflict. The district court in Adams held that the State v. Neil, 457 So.2d 481 (Fla. 1984), clarified, State v. Castillo, 486 So.2d 565 (Fla. 1986), issue was properly preserved for appellate review when defense counsel pointed out that the juror struck by the State was African-American, asserted that the State could not give a reasonable explanation for challenging the juror, and was denied the inquiry required by Neil. The question whether objection to the final panel was additionally required was neither presented nor determined. The Charles court held that the Neil error was properly preserved because a codefendant's lawyer had preserved it and the objection of a codefendant's lawyer, by agreement with the judge, was an objection for Charles as well.
[2] Were we to hold otherwise, Joiner could proceed to trial before a jury he unqualifiedly accepted, knowing that in the event of an unfavorable verdict, he would hold a trump card entitling him to a new trial.