NORTHCUTT, Judge.
Raymond Jones challenges his convictions and sentences stemming from the robbery of a fast food restaurant. He raises several issues on appeal, but we address only his contentions that the court erred in denying his request to peremptorily strike an African-American juror, and in assessing a public defender’s fee. We find no merit in Jones’s other points on appeal, and we affirm them without discussion.
When Jones attempted to strike an African-American member of the venire, the state objected and asked the court to conduct the hearing required in State v. Neil, 457 So.2d 481 (Fla.1984). After it conducted the Neil inquiry, the court ruled that Jones had not provided a sufficient race-neutral reason for the strike. It disallowed his challenge, and the juror sat on the panel that later convicted Jones. Unfortunately, Jones’s trial attorney waived this issue for purposes of direct appeal. Although he objected to the court’s decision when it was announced, he later accepted the jury panel without reservation. In Joiner v. State, 618 So.2d 174, 176 (Fla.1993), our supreme court held that when counsel accepts a jury without reserving an earlier Neil objection, the objection is waived. See also Cruz v. State, 660 So.2d 792, 793 (Fla. 3d DCA 1995) (applying Joiner holding where defendant attempts to strike a potential juror), review denied, 667 So.2d 774 (Fla.1996). Like the court in Joiner, we question whether the trial court’s ruling on the Neil challenge was correct. But we cannot provide Jones a remedy on direct appeal.
Turning to Jones’s next argument, the trial court erred in imposing a public defender’s lien without advising Jones of his right to a hearing to contest the amount of the hen, as required under Florida Rule of Criminal Procedure 3.720(d)(1). We remand with instructions that Jones be given thirty days to file a written objection to the amount of the hen. If he files an objection, the lower court must strike the hen and it may not impose a new assessment without notice and a hearing. Trice v. State, 655 So.2d 1270 (Fla. 2d DCA 1995); Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
Convictions affirmed, remanded for further proceedings on the court’s imposition of a pubhc defender’s hen.
THREADGILL, J., concurs.
SCHOONOVER, A.C.J., concurs in result only.