705 So.2d 639 (1998)
Richard MILSTEIN, esq., as Personal Representative of the Estate of Tommie Harvey, Deceased, et al., Appellant,
v.
MUTUAL SECURITY LIFE INSURANCE COMPANY, an Indiana corporation, in Liquidation d/b/a Anderson Health Care Center, Appellee.
No. 97-1415.
District Court of Appeal of Florida, Third District.
January 21, 1998.
Andrew L. Ellinberg, Wilkes & McHugh, and Edward J. Lyons, Tampa, for appellant.
Thornton, Mastrucci & Sinclair, Jane Thornton Mastrucci, and John W. Thornton, Sr., Coral Gables, for appellee.
Before COPE, GODERICH and SORONDO, JJ.
COPE, Judge.
In this appeal after a defense verdict, the plaintiff personal representative claims error in jury selection. Plaintiff contends that the trial court erred in refusing to grant him an additional peremptory challenge after plaintiff was forced to expend a peremptory strike on a juror who should have been removed for cause. We conclude that the point has not been preserved for appellate review because the plaintiff's objection was not renewed before the jury was sworn.
During jury selection, plaintiff challenged juror Salazar for cause. The trial court refused to strike Salazar.[1] We agree with plaintiff that the for-cause challenge should have been granted. Plaintiff exercised a peremptory challenge against juror Salazar, thus removing him from the jury.
*640 After exhausting his remaining two peremptory challenges, plaintiff requested an additional peremptory challenge, stating that he wished to strike juror Youmans. The request for an additional peremptory challenge was denied, and juror Youmans served on the jury. Plaintiff did not renew his objections prior to the time that the jury was sworn.
The question before us is whether it was necessary for the plaintiff to renew his objection at the conclusion of jury selection in order to preserve the jury selection issues for appellate review. We conclude that it was.
In Joiner v. State, 618 So.2d 174 (Fla. 1993), the defendant sought to appeal the denial of his Neil[2] objection that the State had used peremptory challenges on a racial basis. The Joiner court ruled that the peremptory challenge issue was not preserved for appellate review because defendant
affirmatively accepted the jury immediately prior to its being sworn without reservation of his earlier-made objection.... Had Joiner renewed his objection or accepted the jury subject to his earlier Neil objection, we would rule otherwise. Such action would have apprised the trial judge that Joiner still believed reversible error had occurred. At that point the trial judge could have exercised discretion to either recall the challenged juror for service on the panel, strike the entire panel and begin anew, or stand by the earlier ruling.
618 So.2d at 176; accord Melbourne v. State, 679 So.2d 759, 765 (Fla.1996); Mitchell v. State, 620 So.2d 1008, 1009 (Fla.1993).
Joiner rests on the idea that it is a severe step to overturn an otherwise error-free trial based solely on a jury selection error, and particularly on an error involving peremptory challenges. Joiner thus mandates that the claimed error be called to the trial court's attention once more prior to the swearing of the jury, so that the court will be made aware that the objecting party is insisting on the objection, and so that the court will have a last clear chance to take corrective action if needed. The reasoning of Joiner renders it applicable to jury selection generally, and it is not confined by its terms or its logic solely to situations involving Neil challenges. This court and the Fourth District Court of Appeal have applied Joiner to other jury selection issues outside of the Neil context. See Karp v. State, 698 So.2d 577, 578 (Fla. 3d DCA 1997) (denial of motion to strike entire venire panel after potential juror spontaneously made allegedly prejudicial comments; held, issue not preserved); Stripling v. State, 664 So.2d 2, 3 (Fla. 3d DCA 1995) (trial court rulings that allegedly unduly restricted defendant's voir dire inquiry; held, issue not preserved); Green v. State, 679 So.2d 1294, 1294 (Fla. 4th DCA 1996) (time limitations imposed by trial court on voir dire examination; held, issue not preserved). We therefore conclude it was necessary for plaintiff to renew the objection prior to the time that the jury was sworn.
It is suggested, however, that the Florida Supreme Court decision in Trotter v. State, 576 So.2d 691 (Fla.1990), sets out the only steps which must be followed where, as here, a litigant is refused an additional peremptory challenge after wrongly being required to exhaust a peremptory challenge on a juror who should have been stricken for cause. Trotter explains that the litigant must use a peremptory challenge to remove the objectionable juror, exhaust remaining peremptory challenges, and request an additional peremptory challenge to be exercised against a specifically identified juror. See id. at 693 & n. 7. Trotter says nothing about renewing the objection at the conclusion of jury selection.
We do not think Trotter stands for the proposition that it is unnecessary for the litigant to renew the objection prior to the time that the jury is sworn. In Trotter, the defendant had simply requested an additional peremptory challenge without identifying the specific juror he desired to strike peremptorily. See id. at 693. Since Trotter's request was insufficient as a matter of law, id., the supreme court did not need to reach the additional question whether it was also necessary for Trotter to renew his jury selection objections before the jury was sworn. We *641 conclude that Joiner (which was decided after Trotter) is applicable here.
The remaining question is whether the Joiner rule applies where, as here, the plaintiff did not affirmatively accept the jury. In the present case, at the conclusion of jury selection the court did not ask counsel whether they accepted the jury, and thus there were no explicit statements of acceptance by either side. In Joiner, the court pointed out that the defendant had (a) affirmatively accepted the jury and (b) failed to renew his earlier-made Neil objection. See 618 So.2d at 176. However, the Joiner test has been restated more simply as requiring that the objection be renewed prior to the time that the jury is sworn. See Mitchell v. State, 620 So.2d 1008, 1009 (Fla.1993) ("We held in Joiner v. State, 618 So.2d 174 (Fla.1993), that in order to preserve a Neil issue for review, it is necessary to call to the court's attention before the jury is sworn, by renewed motion or by accepting the jury subject to the earlier objection, the desire to preserve the issue."); Bauta v. State, 698 So.2d 860, 862 (Fla. 3d DCA 1997) ("Because this objection was not renewed at the conclusion of jury selection it is not preserved for appellate review."); Watson v. Gulf Power Co., 695 So.2d 904, 905 (Fla. 1st DCA 1997) ("The Joiner procedural requirement applies ... even though the trial court did not formally ask the parties whether the jury panel was acceptable and even though nothing the appellant did or said could reasonably have caused the trial court to believe that she had waived her earlier Neil objections to the peremptory challenges."); see also Melbourne v. State, 679 So.2d at 765. It is our view that the logic of Joiner requires the litigant to renew the previous objection even where, as here, the litigant has made no statement affirmatively accepting the jury. We conclude that Joiner applies and it was necessary for the objection to be renewed.
Affirmed.
GODERICH, J., concurs
SORONDO, Judge, specially concurring.
I concur with the majority opinion because I am compelled to do so by the Florida Supreme Court's decision in Mitchell v. State, 620 So.2d 1008 (Fla.1993). I write separately to address the law and the specific circumstances of this case.
I begin with the premise that jury selection is the most significant stage of any trial.[3] The Supreme Court of Florida has acknowledged the importance of the jury selection process by establishing that the improper denial of a motion to excuse a juror for cause is reversible error, if the error is properly preserved. Hill v. State, 477 So.2d 553 (Fla.), cert. denied, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988). In Trotter v. State, 576 So.2d 691 (Fla.1990), the Court articulated the requirements for the proper preservation of such an improper denial of a cause challenge. There, the defendant argued that the trial court erred in refusing to excuse four prospective jurors for cause, thus forcing him to exercise peremptory challenges. The Court stated that
Under Florida law, "[t]o show reversible error, a defendant must show that all peremptories had been exhausted and that an objectionable juror had to be accepted." Pentecost v. State, 545 So.2d 861, 863 n. 1 (Fla.1989). By this we mean the following. Where a defendant seeks reversal based *642 on a claim that he was wrongfully forced to exhaust his peremptory challenges, he initially must identify a specific juror whom he otherwise would have struck peremptorily. This juror must be an individual who actually sat on the jury and whom the defendant either challenged for cause or attempted to challenge peremptorily or otherwise objected to after his peremptory challenges had been exhausted.
Id. at 693 (footnotes omitted); Jones v. State, 660 So.2d 291 (Fla. 2d DCA 1995). It follows from these cases that the necessary prerequisites for properly preserving the trial record for appellate review on this issue are, 1) a timely motion to strike the juror for cause, 2) the improper denial of the motion, 3) the exhaustion of all peremptory challenges during the jury selection process, 4) a request for additional peremptory challenges, 5) an identification of the juror(s) to be stricken with the additional challenge(s), 6) the denial of the request for additional challenges, and 7) the objectionable juror must actually serve on the jury.
In Joiner v. State, 618 So.2d 174 (Fla. 1993), the defendant recorded an objection to the state's exercise of a peremptory challenge against an African-American juror. The trial court allowed the peremptory challenge. At the conclusion of the voir dire process the defendant affirmatively accepted the jury without reserving his previously articulated objection. The Supreme Court held that "counsel's action in accepting the jury led to a reasonable assumption that he had abandoned, for whatever reason, his earlier objection." Id. at 176. The Court went on to say at footnote 2 of the opinion:
Were we to hold otherwise, Joiner could proceed to trial before a jury he unqualifiedly accepted, knowing that in the event of an unfavorable verdict, he would hold a trump card entitling him to a new trial.
Id. at 176 n. 2.
In Mitchell v. State, 620 So.2d 1008 (Fla. 1993), the Supreme Court said:
We held in Joiner v. State, 618 So.2d 174 (Fla.1993), that in order to preserve a Neil issue for review, it is necessary to call to the court's attention before the jury is sworn, by renewed motion or by accepting the jury subject to the earlier objection, the desire to preserve the issue.
Id. at 1009 (emphasis added).[4] The words, "by renewed motion" clearly expand the holding in Joiner and indicate that even where counsel does not formally accept the jury, an objection must be recorded before the jury is sworn. Although both of these cases dealt with Neil issues, it seems that the Court's intent was to give the trial court one final opportunity to correct any possible errors before the jury is sworn. This being the objective, it is reasonable to conclude that these decisions extend beyond the realm of Neil and encompass all objections made during the jury selection process. Accordingly, I believe that Mitchell now requires an additional step to the Trotter requirement for the appropriate preservation for appellate review of an objection to the wrongful denial of a challenge for cause.
In this case plaintiff's counsel made a motion to strike juror Salazar for cause before jury selection began. The trial court refused to rule.[5] The first juror was Mr. Salazar. When asked if he accepted, the following *643 exchange was had between plaintiff's counsel and the judge:
MR. FREIDIN: Well, weyou've reserved on that so I'm not going to exercise a strike on that until that is concluded.
THE COURT: And you're going to accept for the time being?
MR. FREIDIN: I guess so.
Counsel did not exercise any peremptory challenges until the court had secured six jurors. Before back-striking, counsel again asked the court to rule on his motion to strike Salazar for cause.
MR. FREIDIN: Well, we want to go back to Mr. Salazar.
THE COURT: All right. You want to strike Mr. Salazar, I'm still reserving.
MR. FREIDIN: Well, that sounds like I've lost. I mean, I can announce that I would strike if you rule against us, but I do think that he, without question
THE COURT: I've heard it.
MR. FREIDIN: All right. Well, I don't know what to say, Judge. I will strike him if you do not grant my motion for cause.
Shortly thereafter counsel returned to the issue of juror Salazar,
MR. FREIDIN: WeWell, is the Court's ruling that we have lost on the cause for Salazar?
THE COURT: Well, you still haveeach of you has only used two challenges thus far.
The court's response was a non sequitur. The number of peremptory challenges used by the parties was totally irrelevant to counsel's fourth request for a ruling on his motion to strike juror Salazar for cause. As a result of the judge's refusal to rule, counsel wisely assumed his motion was being denied and exercised a peremptory challenge to remove Salazar.[6] Counsel then used his two remaining challenges to strike other potential jurors. After exhausting his peremptory challenges counsel moved the court for an additional peremptory so that he could challenge juror Youmans. The motion was denied and juror Youmans served on the jury. Although it is common practice to conclude the jury selection process by asking all sides whether they "accept and tender the jury," this was not done by the court. Instead, the judge announced, "bring in the jury." Apparently fearing that they were going to be forced to immediately begin opening statements, both lawyers asked for a brief recess, which the court granted. Counsel was never asked if he accepted the jury and, in fact, never formally accepted it.
In my view, to require counsel to again move for a ruling or reiterate his objection to the court's refusal to rule is to require an exercise in futility. There is absolutely nothing in this record to suggest that the plaintiff had abandoned his objection to the court's implicit and improper denial of his motion to strike juror Salazar for cause. Consequently, the "gotcha" tactic sought to be avoided by Joiner could not have occurred here. Furthermore, to believe that this trial judge would have reconsidered her repeated refusals to rule on the plaintiff's motion in this case is totally unreasonable.
I do not believe Joiner would have required an affirmance in this case because counsel never accepted the jury. I am convinced, however, that the unfortunate expansion of Joiner in Mitchell does.
NOTES
[1] The trial court repeatedly reserved ruling on plaintiff's motion to strike juror Salazar for cause. The reservation was apparently done because plaintiff and the court each had a different understanding of what juror Salazar had said. (Plaintiff's understanding is borne out by the transcript.) Certainly a temporary reservation of ruling would have been permissible if needed, for example, to have the juror's voir dire responses read back, but that was not done here. Plaintiff was entitled to have a ruling. In effect, by reserving ruling, the trial court denied the challenge.
[2] State v. Neil, 457 So.2d 481 (Fla.1984).
[3] See generally Margaret Covington, Jury Selection: Innovative Approaches To Both Civil and Criminal Litigation, 16 St. Mary's L.J. 575, 575-76 (1985) ("Experienced trial lawyers agree that the jury selection process is the single most important aspect of the trial proceedings. In fact, once the last person on the jury is seated, the trial is essentially won or lost."); Chris F. Denove & Edward J. Imwinkelried, Jury Selection: An Empirical Investigation of Demographic Bias, 19 Am. J. Trial Advoc. 285 (1995)("[J]ury selection can be the most important phase of a trial. Pick the right jury and the battle is half won. But select the wrong jury, and the case is lost before the evidence is even heard."); Gordon L. Roberts & Timothy R. Hanson, Jury Selection, 8-NOV Utah B.J. 14 (1995)("There are serious people... who have concluded that the selection of the jury is not only the most important part of a jury trialit is verdict determinative."); Morris Dees, The Death of Voir Dire, 20 No. 1 Litigation 14 (1993)("Skillfully conducted voir dire is the most important element in a fair trial."); Harvey Weitz, Voir Dire in Conservative Times, 22 No. 4 Litigation 15 (1996)("Voir Dire is the most important, yet least understood portion of a jury trial.").
[4] I agree with Judge Jacqueline R. Griffin's dissent in Salama v. McGregor, 656 So.2d 215, 217 (Fla. 5th DCA 1995), that the holding of Joiner would have been better described as follows:

A litigant waives a Neil objection when he or she accepts the jury without communicating reservation of the objection or otherwise leads the court to believe that the earlier asserted objection to the panel based on Neil was abandoned.
[5] Although a trial judge may choose to reserve ruling on many types of motions, a motion to excuse a juror for cause, made during jury selection (the process during which jurors are actually selected as opposed to the general voir dire process during which jurors are questioned), is not one of them. It is axiomatic that in an adversarial system such as ours, neither side will be able to secure an ideal jury. The process of jury selection is primarily directed to the elimination of "unacceptable" jurors. Thus juries are often comprised not by desirable jurors but by jurors that are not "unacceptable" to either side. In order to make intelligent choices, trial counsel must know which jurors must be removed by way of peremptory challenges. These strategic decisions can only be made by knowing the prospective jurors as well as possible, anticipating opposing counsel's peremptory strikes and by knowing which jurors will be excused for cause. By refusing to rule on trial counsel's motion to strike a juror for cause, albeit for the stated reason of "reserving ruling," a trial court eviscerates the jury selection process and denies the aggrieved party the opportunity to engage in meaningful jury selection.
[6] As the majority concedes, Mr. Salazar should have been excused for cause.