PER CURIAM.
Appellants, Warren Wallace and Charlotte Wallace, plaintiffs below, appeal an adverse final judgment entered pursuant to a jury verdict in their personal injury action. They assert that the trial court erroneously failed to excuse certain jurors for cause and improperly restricted the scope of their voir dire questioning to the prospective jurors about their theory of the case. We note from the record, however, that while the appellants made contemporaneous objections to the court’s failure to excuse the subject jurors for cause during the voir dire proceeding, they never renewed such objections immediately before the jury was sworn in this case. We further note that the appellants never lodged any objection to the court’s restriction of their voir dire questioning. The question for our determination, therefore, is whether the appellants have adequately preserved these issues for appellate review. We conclude that they have not and affirm.
*347 We begin by acknowledging that to date, the courts appear not to have squarely addressed the issue of whether civil litigants, like criminal litigants, have the affirmative duty to renew all of their voir dire objections immediately prior to the jury being sworn in order to preserve them for appellate review. The law has been clearly established in criminal proceedings that all objections or claims of error during the voir dire process must be renewed prior to the swearing of the jury for them to be preserved for appellate review. See Joiner v. State, 618 So.2d 174, 176 (Fla. 1993) (defendant failed to preserve Neil issue in voir dire proceeding where he affirmatively accepted jury without renewing objection prior to jury being sworn); Maultsby v. State, 688 So.2d 1010, 1012 (Fla. 3d DCA 1997) (defendant’s Slappy objection not preserved for appellate review where he accepted panel by failing to renew objection prior to jury being sworn); Green v. State, 679 So.2d 1294, 1294 (Fla. 4th DCA 1996) (appellant failed to preserve issue regarding time limitations imposed by trial court during voir dire examination where he affirmatively accepted jury without renewing his prior objection); Stripling v. State, 664 So.2d 2, 3 (Fla. 3d DCA 1995) (defendants claimed error of trial court’s restriction of voir dire inquiry not preserved where he failed to renew objection prior to the swearing of the jury); Portela v. State, 661 So.2d 932, 932 (Fla. 3d DCA 1995) (defendant’s objection that his peremptory challenge was improperly overruled not properly preserved where not renewed prior to jury being sworn). As the supreme court in Joiner explains, without a renewal of an earlier objection, it is reasonable to conclude that events occurring subsequent to the objection may have caused the objecting party to become satisfied with the jury about to be sworn. See Joiner, 618 So.2d at 176.
Were we to hold otherwise, Joiner could proceed to trial before a jury he unquali-fiedly accepted, knowing that in the event of an unfavorable verdict, he would hold a trump card entitling him to a new trial.
Id. at 176 n. 2.
We see no reason why civil litigants who in most instances have only property or monetary interests at stake should not shoulder the same burden of preserving their claimed voir dire error as do criminal defendants whose very liberty interests are at stake. Indeed, it would be a manifest injustice for us to conclude otherwise. Accordingly, based upon the appellants’ failure to make and/or renew their objections being asserted on this appeal prior to the jury being sworn, we conclude that they have not preserved the same for appellate review. We therefore affirm the final judgment under review.
In light of our affirmance of this judgment, we do not reach the issue raised on the cross-appeal.
Affirmed.