BLUE, Acting Chief Judge.
Richard Wesley Brown seeks reversal of the denial of his motion requesting a new trial. Brown asserts two grounds for his contention that the trial judge’s actions entitle him to a new trial. First, that the trial judge interjected himself into the testimony and demeaned Brown’s trial attorney, actions which prejudiced Brown. Second, that the trial judge exhibited facial expressions and body language indicating to the jurors his disbelief in Brown’s defense. Because these grounds were not preserved for appellate review and the record does not support a conclusion of fundamental error, we affirm.
Although we affirm, the unique problem presented by the allegation that the trial judge’s facial expressions and body language prejudiced Brown merits discussion. Brown’s trial attorney testified at the hearing on the motion for new trial that the trial judge rolled his eyes and put his hands over his face — actions the trial attorney interpreted as expressions of disbelief of the testimony or dissatisfaction with counsel’s abilities. At the same hearing, the trial judge generally denied any actions which might have indicated his feelings about the evidence.[1] The trial record contains no objections or comments about this alleged behavior. Thus, the record fails to support a reversal of the trial judge’s denial of Brown’s motion for new trial.
We do not question that there are occasions when a trial judge inadvertently indicates, through his or her facial expressions or body language, a personal opinion on the evidence to those present in the courtroom. If this occurs, it is incumbent on the party who feels aggrieved to object and request a curative instruction and, if the conduct is felt to be sufficiently egregious, move for a mistrial. At the very least, the trial judge should be advised at a side bar conference of the perceived problem and asked to be more guarded in his or her behavior. Without support in the record that counsel, during the trial, has called to the trial judge’s attention actions which are perceived as prej-udieial, we are without authority to overrule a trial judge’s finding that the alleged prejudicial facial expressions or body language did not occur.
We conclude the trial judge did -not abuse his discretion in denying Brown’s motion for a new trial based on unpreserved claims of error. Accordingly, we affirm.
WHATLEY and NORTHCUTT, JJ., concur.

. We are not comforted by the trial judge’s defense that: 'Tve been a trial judge for 24 years, and I think I have pretty well learned to look like I’m asleep during most of the time, even though I’m listening.”