712 So.2d 429 (1998)
Francisco Estevez MELARA and Honca Roofing, Inc., Appellants,
v.
Patrick J. CICIONE, Appellee.
No. 96-2961.
District Court of Appeal of Florida, Third District.
June 3, 1998.
Rehearing Denied July 8, 1998.
Arthur J. Morburger; Weinstein, Bavly & Moon, P.A. and Alvin N. Weinstein, Miami, for appellant.
Dennis A. Koltun, P.A.; Kutner, Rubinoff, Bush & Lerner and Susan S. Lerner, Miami, for appellee.
Before GODERICH, GREEN and SORONDO, JJ.
GREEN, Judge.
This is an appeal from a plaintiff's verdict after a jury trial in an automobile negligence action. We affirm.
This case was a rear-end automobile collision case. Just prior to the start of the trial, the appellants, defendants below, admitted liability for the accident. The remaining issue for the jury's determination was whether the appellee/plaintiff's two claimed herniated discs were proximately caused by the accident. The jury rendered its verdict in favor of the appellee/plaintiff. Although the appellee sought $365,000.00 in damages, the jury ultimately awarded him only $200,000.45. This appeal was then filed.
The appellants claim that they are entitled to a new trial by virtue of the trial court's *430 denial of (1) their motion to strike the panel of prospective jurors after two prospective jurors made certain unsolicited remarks about insurance companies during the voir dire proceeding; and (2) their motion for mistrial after one of the appellee's treating physicians testified that he had spoken with an insurance adjuster.
As to the claimed voir dire error, we do not labor on the merits of this matter where the record conclusively shows that the appellants did not preserve this issue for our appellate review. After the appellants' motion to strike the panel was denied by the trial court, the appellants neither used available peremptory challenges to strike these supposedly objectionable jurors from the panel nor requested the trial court to strike them for cause. More importantly and most telling, however, the appellants never renewed their objection prior to the swearing in of the panel, which incidentally included the juror who supposedly made the most prejudicial statements about insurance companies. In fact, the record clearly discloses that the appellants affirmatively and unequivocally accepted this jury panel without objection.[1] Thus, given the appellants' clear waiver or abandonment of this claimed error, we cannot now consider the merits of this issue on appeal.
Beginning with its decision in Joiner v. State, 618 So.2d 174 (Fla.1993), the supreme court concluded that a Neil[2] voir dire issue had not been properly preserved for appellate review where the appellant had affirmatively accepted the jury panel immediately prior to its being sworn without reservation of his earlier-made objection:
We agree with the district court that counsel's action in accepting the jury led to a reasonable assumption that he had abandoned, for whatever reason, his earlier objection. It is reasonable to conclude that events occurring subsequent to his objection caused him to be satisfied with the jury about to be sworn. We therefore approve the district court to the extent that the court held that Joiner waived his Neil objection when he accepted the jury.
Id. at 176; see also Mitchell v. State, 620 So.2d 1008, 1009 (Fla.1993) ("We held in Joiner ... that in order to preserve a Neil issue for review, it is necessary to call to the court's attention before the jury is sworn, by renewed motion or by accepting the jury subject to the earlier objection, the desire to preserve the issue."). Although Joiner and Mitchell both involved Neil voir dire issues, this court and the Fourth District Court of Appeal have recognized that the reasoning behind Joiner renders it applicable to jury selection issues in general, and is not confined by its terms or its logic solely to situations involving Neil challenges. See Wallace v. Holiday Isle Resort & Marina, Inc., 706 So.2d 346, 347 (Fla. 3d DCA 1998) (appellant's claim on appeal that trial court erroneously failed to excuse certain jurors for cause not preserved where they never renewed such objections immediately before the jury was sworn); Milstein v. Mutual Sec. Life Ins. Co., 705 So.2d 639, 640 (Fla. 3d DCA 1998) (appellant's claimed objection to trial court's refusal to grant appellant additional peremptory challenge not preserved where not renewed before jury sworn); Karp v. State, 698 So.2d 577, 578 (Fla. 3d DCA 1997) (trial court's refusal to strike entire venire panel after one potential juror spontaneously made allegedly prejudicial comments not preserved where there was no renewal of objection prior to jury being sworn and appellant unconditionally accepted panel); Green v. State, 679 So.2d 1294, 1294 (Fla. 4th DCA 1996) (appellant failed to preserve issue regarding time limitations on voir dire examination imposed by trial court where he affirmatively accepted jury without renewing his prior objection); Stripling v. State, 664 So.2d 2, 3 (Fla. 3d DCA 1995) (defendants claimed error of trial court's restriction of voir dire inquiry not preserved where he failed to renew objection prior to the swearing of the *431 jury); Portela v. State, 661 So.2d 932, 932 (Fla. 3d DCA 1995) (defendant's objection that his peremptory challenge was improperly overruled was not properly preserved where it was not renewed prior to jury being sworn). Since an improper reference to insurance matters in civil proceedings are not fundamental error requiring per se reversal, see Luster v. Moore, 78 So.2d 87, 88 (Fla. 1955); see also Sayad v. Alley, 508 So.2d 485, 486 (Fla. 3d DCA 1987), we conclude in accordance with Joiner, Mitchell, Milstein, Wallace, Green, Shipling and Portela that the appellants have failed to preserve this issue for appellate review.
Finally, the appellants assign as error the denial of their motion for mistrial based upon an unsolicited reference to an insurance adjuster made by one of the appellee's treating physicians.[3] Although this issue was arguably preserved, we deem this isolated and oblique reference to an insurance adjuster[4] in this case to be nothing more than harmless error. Compare Johnson v. Canteen Corp., 528 So.2d 1364, 1365 (Fla. 3d DCA 1988) (no reversal for new trial for two references alluding to workers' compensation insurance where there was no disclosure to jury that plaintiff had been compensated for her injury) and Sayad, 508 So.2d at 486 (two passing references to insurance during trial did not necessitate a mistrial) and Knowles v. Silasavage, 266 So.2d 67, 68 (Fla. 3d DCA 1972) (plaintiff counsel's voir dire on the subject of insurance did not constitute prejudice for reversible error); with Carls Markets v. Meyer, 69 So.2d 789, 794 (judgment reversed where the plaintiff, over objection, was permitted to elicit unrestricted, extensive testimony concerning the conduct of the investigator for the defendant's insurance carrier) and South Motor Co. of Dade County v. Accountable Constr. Co., 707 So.2d 909, 911 (Fla. 3d DCA 1998) (reversed for new trial where over the defendant's standing objection, the plaintiff was permitted to introduce pervasive and extensive evidence of the existence and amount of the defendant's insurance coverage in a breach of contract action) and Auto-Owners Ins. Co. v. Dewberry, 383 So.2d 1109, 1109 (Fla. 1st DCA 1980) (repeated references by the insured's counsel as to the amount of the policy limits during voir dire, opening argument and closing argument constituted reversible error) and Levin v. Hanks, 356 So.2d 21, 22 (Fla. 4th DCA 1978) (repeated argument to jury that insurance company was in effect trying to recover for second time was improper and required reversal).
The long-standing purpose of excluding improper references of a defendant's insurance coverage in civil proceedings is to preclude jurors from affixing liability where none otherwise exists or to arrive at excessive amounts through sympathy for the injured party with the thought that the burden would not have to be borne by the defendant. See Carls Markets, Inc. v. Meyer, 69 So.2d 789, 793 (Fla.1953). In this case, the central issue for the jury's determination was whether the appellee's two claimed herniated discs arose out of an accident for which the appellants admitted liability. Thus, simply put, this trial was nothing more than a dueling contest between the opposing expert physicians. Its outcome turned solely on which of the medical testimony the jury found to be more credible; not the existence or amount of the appellants' insurance coverage. As further evidence of this, we note that although the appellee sought $365,000.00 in damages and the appellants placed no proposed damage figure before the jury, the jury ultimately awarded appellee only $200,000.45. Thus, we think that the passing, vague reference to insurance matters had *432 little or no significant role in the jury's consideration of this case.
Accordingly, finding no reversible error, we affirm the judgment under review.
Affirmed.
GODERICH, J., concurs.
SORONDO, J., concurs in result only.
NOTES
[1] Just prior to the administration of the juror's oath, the following transpired:

[Court]: Everybody agree this is the panel?
[Appellees/Plaintiffs' Counsel]: I agree that is the panel.
[Appellant's Defense Counsel]: Yes, your honor.
[2] State v. Neil, 457 So.2d 481 (Fla.1984).
[3] During the appellee's case in chief, the following dialogue occurred in the direct testimony of one of his treating physicians.

Q. [Plaintiff's counsel]: And you continued to see him for what period of time?
A. [Dr. Greenberg]: From 4/20/93 to the last office visit which was 11/2/93.
Q. [Plaintiff's Counsel]: As of let's say July 26 of 1993, did he still have neck pain?
A. [Dr. Greenberg]: Yes, we indicated in the log that the neck pain still persists. That was it and then I made a note that we had spoken to the insurance adjuster.
Q. [Plaintiff's Counsel]: Don't talk to me about that.
[4] Which the appellants' clearly understood was made in reference to the appellee's P.I.P. Carrier rather than appellants' insurance carrier.