SHEVIN, Judge.
Liberty Mutual Insurance Group appeals a final judgment awarding damages and an order awarding plaintiff attorney’s fees. We affirm the judgment and reverse the fee award.
Robert Williams was driving his employer’s car; the car was struck by a car driven by an underinsured motorist. Williams sued Liberty Mutual Insurance Group, the employer’s insurer. Liberty Mutual admitted liability and a trial was held on damages. At trial, several witnesses testified that before the accident; Williams was actively involved in community and church activities, which included providing meals for and finding shelter for homeless persons. Williams was also employed full-time as a private duty nurse for a stroke victim. All of these activities were physically demanding. After the accident, which resulted in a knee injury, Williams limped, and had trouble bending and straightening his knee. Both parties’s experts agreed that Williams was totally disabled and will need a total knee replacement in the future. There was speculative testimony regarding whether Williams might be capable of securing some other type of future employment.
During jury selection, Liberty Mutual moved to strike for cause prospective juror number fourteen. The court denied the cause challenge. At this time, Liberty Mutual had not yet exercised any peremptory challenges. After questioning of all the jurors, Liberty Mutual exhausted its peremptory challenges on three other jurors. Before the close of Williams’s case, Liberty Mutual moved for a directed verdict on lost future earning capacity claim. The court denied the motion. The court never .ruled on Liberty Mutual’s renewed motion later in the trial. The jury awarded Williams past lost earnings and lost future earning capacity, medical expenses, and pain and suffering damages. The court entered judgment in Williams’s favor. Thereafter, on Williams’s motion, the court entered an order awarding Williams attorney’s fees.
Contrary to Liberty Mutual’s argument, we find no abuse of discretion in the court’s failure to grant the cause challenge to the objectionable juror. “The decision to deny a challenge for cause will be upheld on appeal if there is support in the record for the decision.” See Gore v. State, 706 So.2d 1328, 1332 (Fla.), cert. denied, 525 U.S. 892, 119 S.Ct. 212, 142 L.Ed.2d 174 (1998). Juror fourteen did express certain sympathy with plaintiffs injury, but, when she was informed that the issue on trial would only be damages, *199 not liability, she stated that she could follow the law. Moreover, at the time the cause challenge to juror fourteen was denied, Liberty Mutual still had all of its peremptory challenges available. Thereafter, Liberty Mutual used its peremptory challenges to strike three other prospective jurors rather than striking juror fourteen. Liberty Mutual did not challenge any one of these three jurors for cause. We find that the failure to use a peremptory challenge against juror fourteen demonstrates that Liberty Mutual made a tactical decision regarding the use of its challenges, resulting in this juror remaining on the panel. See Pentecost v. State, 545 So.2d 861 (Fla.1989); Melara v. Cicione, 712 So.2d 429 (Fla. 3d DCA 1998); Milstein v. Mutual Sec. Life Ins. Co., 705 So.2d 639 (Fla. 3d DCA 1998). Under these circumstances, we decline to hold that the judge abused her discretion in denying the challenges for cause or in disallowing an additional peremptory challenge. See Gore, 706 So.2d at 1332 n. 4; Padilla v. State, 618 So.2d 165, 169 (Fla.1993); see also Fulton v. State, 642 So.2d 1163 (Fla. 3d DCA 1994). Despite Liberty Mutual’s argument that the court was considering the prospective jurors ad seri-atim, nothing in the record demonstrates that Liberty Mutual was prohibited from challenging juror fourteen, whom it deemed so obviously objectionable, before considering the remainder of the panel.
Turning to Liberty Mutual’s second issue, we find no merit in insurer’s assertion that the court erred in denying its directed verdict motion on the lost future earning capacity claim. The purpose of an award for lost future earning capacity is to compensate a plaintiff for the loss of capacity to earn income, not the actual loss of future earnings. See W.R. Grace & Co.-Conn. v. Pyke, 661 So.2d 1301 (Fla. 3d DCA 1995). There is ample evidence in the record to “allow a jury to reasonably calculate lost earning capacity.” Id. at 1303. Additionally, Liberty Mutual did concede that, at a minimum, Williams was entitled to lost future earnings for the period of his convalescence from the knee replacement surgery. We will not disturb the jury’s award.
We turn next to Liberty Mutual’s assertion that the court erred in awarding Williams attorney’s fees. After trial, Williams sought fees based on a proposal for settlement he claims was mailed to Liberty Mutual. At the hearing on the motion, Liberty Mutual asserted that it had never received the proposal. The court awarded Williams fees; Liberty Mutual appeals the award.
We reverse the fee order, finding that the evidence did not conclusively demonstrate that Liberty Mutual received the proposal for settlement. On that basis, we remand for the court to conduct further evidentiary proceedings on the fee motion.
Judgment affirmed; fee award reversed and remanded with directions.