792 So.2d 611 (2001)
Marquis BERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4426.
District Court of Appeal of Florida, Fourth District.
August 22, 2001.
Carey Haughwout, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maria J. Patullo, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of resisting arrest with violence and raises one issue on appeal. He argues that the trial court should have granted his motion for mistrial after the prosecutor made the following comment during jury selection:

*612 Okay. Now, let me let you think about this. Many of us have pre-dispositions in life. We see someone with blue jeans hanging on, gold teeth, earring, many of us say, "can't that person pull up their pants?" "What's up with the gold teeth and earring?"
Then we see people with three-piece suits on and we say, wow. But let me remind you that convicted felonsour presidents walk around in jogging shorts and T-shirts. Do not judge a book by its cover.
Appellant objected and argued that, as the only witnesses in his case would be police officers and appellant was well dressed, the jurors could infer that appellant was a convicted felon from this statement.
We are confident that the prosecutor in this case did not intend to send such a message; however, we see far too many appeals in which the sole issue raised is a comment by a prosecutor. All counsel are under a duty to refrain from improper comments, but prosecutors must be extra vigilant, because their comments can unintentionally result in a violation of a defendant's constitutional rights which carry a high risk of necessitating a new trial.
The state argues that even though the appellant moved for a mistrial at the time the remarks were made, the issue was not preserved under Joiner v. State, 618 So.2d 174 (Fla.1993)(requiring an objection involving a juror, which has been overruled, to be renewed at the end of jury selection). This court has applied the principle of Joiner where the trial court imposed time limitations on voir dire, but the objection to the limitation was not renewed prior to the defendant affirmatively accepting the jury. Green v. State, 679 So.2d 1294 (Fla. 4th DCA 1996). It has been applied by the fifth district in circumstances similar to this case. Barnette v. State, 768 So.2d 1246 (Fla. 5th DCA 2000).
Although the objection in this case did not involve the selection of a juror, as Joiner did, the motion for mistrial was the equivalent of a motion to strike all of the prospective jurors and start anew. The rationale of Joiner, which is that things change, and the jury may have become acceptable to the objecting party by the time the jurors are sworn, is applicable here.
The wisdom of extending the preservation rule of Joiner, in which the defendant announced that the jury was acceptable to him at the end of voir dire, to cases in which there was no such announcement, Mitchell v. State, 620 So.2d 1008 (Fla. 1993), has been questioned,[1] but under the current state of the law counsel would be well-advised to renew all objections made during the selection of the jury, before the jury is sworn. Salama v. McGregor, 656 So.2d 215 (Fla. 5th DCA 1995)(Griffin, J., dissenting).
As to the merits, we find that the remark, which did not directly suggest that the appellant was a convicted felon, was harmless. As appellant acknowledged in the trial court, the conclusion that appellant was a convicted felon could only have been drawn by inference and speculation. We therefore affirm.
WARNER and SHAHOOD, JJ., concur.
NOTES
[1] Salama v. McGregor, 656 So.2d 215 (Fla. 5th DCA 1995)(Griffin, J., dissenting); Milstein v. Mut. Sec. Life Ins. Co., 705 So.2d 639, 641 (Fla. 3d DCA 1998)(Sorondo, J., specially concurring).