803 So.2d 803 (2001)
Vivian COUCH, Appellant,
v.
DUNN AVENUE SHELL, INC., Appellee.
No. 1D00-3376.
District Court of Appeal of Florida, First District.
December 17, 2001.
Rehearing Denied January 9, 2002.
*804 Jack W. Shaw, Jr. of Motes & Carr, P.A., Orlando and Carl M. Borgan, Miami, for Appellant.
Michael S. O'Neal of Howell & O'Neal, Jacksonville, for Appellee.
VAN NORTWICK, J.
Vivian Couch appeals a final judgment in favor of Dunn Avenue Shell, Inc., appellee, in Couch's slip-and-fall action, arguing that the trial court erred by refusing to grant her additional peremptory challenges and by reprimanding her counsel in the presence of the jury. Finding that Couch failed to preserve these alleged errors, we affirm.
During the jury selection process, Couch sought to dismiss several potential jurors for cause. The trial court refused to strike the jurors. Couch then used her peremptory challenges to excuse the jurors and moved for additional peremptory challenges. In seeking additional peremptory challenges, however, she did not identify any objectionable juror that she would dismiss if granted the additional peremptory challenges. Further, she did not renew her jury selection objections before the jury was sworn.
In Trotter v. State, 576 So.2d 691, 693 (Fla.1990), the supreme court held that where a party seeks reversal based on the claim that he or she was wrongfully forced to exhaust peremptory challenges, the party must identify a specific juror whom he or she would have otherwise struck peremptorily, and that juror must be an individual who actually sat on the jury and whom the party either challenged for cause or otherwise objected to after the party's peremptory challenges had been exhausted. "The defendant cannot stand by silently while an objectionable juror is seated and then, if the verdict is adverse, obtain a new trial." Id. Here, Couch neither identified nor objected to a specific juror who ultimately was seated on the jury.
Further, we agree with the argument of Dunn Avenue Shell that, to preserve any error in the jury selection, Couch was also required to renew her objection at the conclusion of the jury selection prior to the trial court having the jury sworn. In Joiner v. State, 618 So.2d 174, 176 (Fla.1993), the court held that, after objecting to the denial of a peremptory challenge by the trial court or the use of a peremptory challenge by opposing counsel, the objecting party must renew the objection before the jury is sworn to preserve the jury selection issue for appellate review. Joiner was concerned with Neil challenges, see State v. Neil, 457 So.2d 481 *805 (Fla.1984), involving the use of peremptory challenges on a racial basis, and, to date, this court has only applied the Joiner requirement in the context of Neil. See Watson v. Gulf Power Co., 695 So.2d 904 (Fla. 1st DCA 1997).
In Milstein v. Mut. Sec. Life Ins. Co., 705 So.2d 639, 640 (Fla. 3d DCA 1998), the Third District Court of Appeal addressed this same issue and concluded that the rationale of Joiner applied to jury selections generally. The court reasoned:

Joiner rests on the idea that it is a severe step to overturn an otherwise error-free trial based solely on a jury selection error, and particularly on an error involving peremptory challenges. Joiner thus mandates that the claimed error be called to the trial court's attention once more prior to the swearing of the jury, so that the court will be made aware that the objecting party is insisting on the objection, and so that the court will have a last clear chance to take corrective action if needed. The reasoning of Joiner renders it applicable to jury selection generally, and it is not confined by its terms or its logic solely to situations involving Neil challenges.
Id. We find Milstein persuasive. Accordingly, we join the Milstein court and other Florida appellate courts in holding that Joiner is not confined to the Neil context. See also Berry v. State, 792 So.2d 611 (Fla. 4th DCA 2001); Gootee v. Clevinger, M.D., 778 So.2d 1005 (Fla. 5th DCA 2000); and Johnson v. State, 763 So.2d 1214 (Fla. 2d DCA 2000). Thus, for the reasons discussed, we find that Couch has failed to preserve for appellate review the alleged error in failing to grant peremptory challenges.
Turning to Couch's contention that the trial court erred in reprimanding her attorney in the presence of the jury, we agree that it is the better practice to reprimand an attorney outside the presence of the jury. See McDonald v. State, 578 So.2d 371 (Fla. 1st DCA 1991). There are situations, however, in which it is not reversible error to reprimand counsel in the presence of the jury. See Wilkerson v. State, 510 So.2d 1253, 1254 (Fla. 1st DCA 1987); see also Rayam v. Greyhound Lines, Inc., 347 So.2d 842 (Fla. 1st DCA 1977); Olive v. State, 131 Fla. 548, 179 So. 811 (Fla.1938).
In the instant case, Couch's counsel made a speaking objection. The trial court interrupted and said, "I've cautioned-I am going to sanction you if you stand up and argue testimony and make arguments like that, I'm going to impose a sanction, and you're not going to like it." Couch's counsel did not object to this reprimand and restated his objection by objecting to the form of the question asked of the witness. At the end of the trial, the trial court sua sponte gave a curative instruction about the reprimand, to which Couch's counsel did not object.
In order to preserve the trial court's alleged error in censuring counsel, Couch was required to object and request a curative instruction or a mistrial. See Brown v. State, 706 So.2d 74, 75 (Fla. 2d DCA 1998); see also Nissan Motor Corp. in U.S.A. v. Padilla, 545 So.2d 274 (Fla. 3d DCA 1989); Foreman v. State, 47 So.2d 308 (Fla.1950). The instant case is distinguishable from our recent opinion in Simmons v. State, 803 So.2d 787 (Fla. 1st DCA 2001), in that, here, the trial court was not also commenting upon the evidence or the merits of the argument of counsel. In the case on review, Couch's counsel neither objected to the trial judge's reprimand nor sought a curative instruction or mistrial. *806 Thus, the reprimand issue was not preserved for appellate review.
AFFIRMED.
WOLF AND BROWNING, JJ., concur.