THOMPSON, C.J.,
concurring specially.
I agree that the appellant received a fair and impartial trial. Although the trial court was active in the jury selection process by trying to eliminate repetitious questioning of jurors, the attorney for the appellant was allowed to ask questions of individual jurors.
Further, my review of the record indicates that this issue was not preserved for appeal.
After voir dire, the jury was selected and impaneled. Significantly, the appellant did not renew any objections before the jury was accepted and sworn. Because the jury was sworn with no further objections, the issue was not preserved. In Joiner v. State, 618 So.2d 174 (Fla.1993), the supreme court stated:
We agree with the district court that counsel’s action in accepting the jury led to a reasonable assumption that he had abandoned, for whatever reason, his earlier objection. It is reasonable to conclude that events occurring subsequent to his objection caused him to be satisfied with the jury about to be sworn.
Id. at 176.
This court has held that failure to renew an objection to improper voir dire waives *247 the issue for appellate review. Barnette v. State, 768 So.2d 1246 (Fla. 5th DCA 2000) (holding that by failing to renew an objection concerning jury selection appellant did not preserve the issue for appellate review); see also Berry v. State, 792 So.2d 611 (Fla. 4th DCA 2001); Green v. State, 679 So.2d 1294 (Fla. 4th DCA 1996); Stripling v. State, 664 So.2d 2 (Fla. 3d DCA 1995).