PER CURIAM.
The defendant, Gilberto Perez, appeals from his conviction and sentence for aggravated assault with a deadly weapon. We reverse and remand for a new trial.
The defendant was charged with aggravated assault with a deadly weapon and aggravated stalking. During voir dire, the State sought to peremptorily challenge prospective juror Stephen Gonzalez. The defense objected to the State’s request noting that the defendant was a Latin male and that prospective juror Gonzalez was also a Latin male and, as such, a member of a protected class. The defense then requested a race-neutral reason for the challenge. In response, the State answered, “Mr. Gonzalez, during all the voir dire said he could be a really good juror. I would like more than him Ms. Libby. I am striking him so I could get Ms. Libby on the panel. That is my reason.” The trial court did not inquire any further and allowed the strike. Thereafter, the trial court denied the defense’s request to peremptorily challenge prospective juror Libby.
The jury returned a verdict finding the defendant guilty of aggravated assault with deadly weapon and not guilty of aggravated stalking. The defendant was adjudicated guilty and sentenced to 120 days in county jail. This appeal followed.
The defendant contends that the trial court reversibly erred by allowing the State to peremptorily challenge prospective juror Gonzalez. We agree.
In Joiner v. State, 618 So.2d 174, 175 (Fla.1993), the State sought to peremptorily challenge an African-American prospective juror. The reason given by the State was that it “would like to constitute the jury with some people down the line I prefer more, and including another juror.” The trial court ruled that the reason given satisfied the Neil[1] inquiry and that it was race-neutral. The Florida Supreme Court, however, disagreed with the trial court stating that “[tjhere is no doubt that the State gave an inadequate reason for exercising a peremptory challenge against [the African-American prospective juror].”
In the instant case, the State sought to challenge prospective juror Gonzalez so that it could reach prospective juror Libby. The reason provided by the State was not directed at Gonzalez. In fact, the State acknowledged that Gonzalez said that “he could be a really good juror.” Further, the trial court failed to inquire and the *373 State failed to explain why it sought to strike prospective juror Gonzalez instead of backstriking another prospective juror in order to reach prospective juror Libby. Pursuant to Joiner, the reason given by the State is “an inadequate reason for exercising a peremptory challenge.” Joiner, 618 So.2d at 174; see also Henry v. State, 724 So.2d 657, 658 (Fla. 2d DCA 1999). Therefore, we reverse the defendant’s conviction and sentence and remand for a new trial.
Based on our disposition of the above issue, we do not address whether the trial court also reversibly erred by prohibiting the defense from exercising a peremptory challenge on prospective juror Libby.
Reversed and remanded.

. State v. Neil, 457 So.2d 481 (Fla.1984).