PER CURIAM.
 

 In this direct criminal appeal, appellant complains that the trial court erred in (1) denying his objections to the state’s peremptory challenges of several jurors because the challenges were impermissibly based on the jurors’ race; and (2) imposing a minimum mandatory sentence of twenty years in prison for robbery with a firearm because he was not charged with discharging a firearm during the commission of that offense. We affirm as to the first claim because appellant failed to preserve it by renewing his objections to the state’s use of the peremptory challenges immediately before the jury was sworn.
 
 See, e.g., Zack v. State,
 
 911 So.2d 1190, 1204 (Fla.2005);
 
 Joiner v. State,
 
 618 So.2d 174, 176 (Fla.1993). The state correctly concedes error regarding the second claim because the information did not charge that appellant discharged a firearm during commission of the robbery.
 
 See, e.g., Driggers v. State,
 
 917 So.2d 329, 333 (Fla. 5th DCA 2005);
 
 Altieri v. State,
 
 835 So.2d 1181, 1183-84 (Fla. 4th DCA 2002). Because appellant was sentenced to life in prison as a prison releasee reoffender on the count charging robbery with a firearm, however, he will serve 100 percent of that sentence pursuant to section 775.082(9)(b), Florida Statutes (2007). Therefore, the minimum mandatory sentence on that count may be corrected to properly reflect a ten-year minimum mandatory for possession of a firearm, rather than the twenty-year minimum mandatory imposed, and
 
 *1233
 
 appellant need not be present.
 
 See generally Netterville v. State,
 
 673 So.2d 986, 986 (Fla. 1st DCA 1996) (a defendant need not be present for correction of “scrivener’s errors”).
 

 AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
 

 WOLF, KAHN, and WEBSTER, JJ, concur.