PER CURIAM.
We affirm appellant’s convictions and sentences on multiple charges including first degree murder with a firearm, burglary, and animal cruelty. Appellant raises only two issues on appeal, both dealing with challenges to jurors. Neither issue was properly preserved for appeal. As to the Neil/Slappy[1] challenge to juror 16, appellant failed to renew his objection prior to the jury being sworn. See Joiner v. State, 618 So.2d 174, 176 (Fla.1993) (acceptance of a jury panel constitutes a waiver of a previous objection); Melbourne v. State, 679 So.2d 759, 765 (Fla.1996) (same, citing Joiner). Regardless, we conclude that the requirements of Melbourne were met and the court did not err in denying appellant’s challenge to the state’s striking of that juror. As to the objection to juror 6, appellant did not request to exercise a peremptory challenge as to that juror. Thus, the argument made on appeal is not the same as that made to the trial court. See Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982) (“[I]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.”). If we construe the objection to juror 6 as a for-cause challenge, we conclude that the trial court did not abuse its discretion in denying it. See Carratelli v. State, 832 So.2d 850, 854 (Fla. 4th DCA 2002), rev. denied, 848 So.2d 1153 (Fla.2003).
WARNER, DAMOORGIAN and CONNER, JJ., concur.

. State v. Neil, 457 So.2d 481 (Fla.1984); State v. Slappy, 522 So.2d 18 (Fla.1988).