# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D15-5803

_____

SHAWNEST ANGELO IVEY,

　　Appellant,

　　v.

STATE OF FLORIDA,

　　Appellee.

_____

On appeal from the Circuit Court, Jackson County.
Shonna Young Gay, Judge.

February 20, 2018

ON MOTION FOR REHEARING

PER CURIAM.

　　We deny the State's motion for rehearing, but we pose the following certified question of great public importance:

> HAS A DEFENDANT WHO ACCEPTS A JURY, BUT RENEWED A PREVIOUSLY-RAISED OBJECTION TO A STATE PEREMPTORY CHALLENGE AFTER THE CHALLENGED JUROR HAS BEEN EXCUSED BUT BEFORE THE JURY IS SWORN, WAIVED THAT OBJECTION?

Art. V, § 3, Fla. Const. We view this important question as unanswered, or at least left open, under the decision in *Joiner v. State*, 618 So. 2d 174, 176 (Fla. 1993). In that case, the defendant "affirmatively accepted the jury immediately prior to its being

sworn without reservation of his earlier-made objection." *Id.* The Court said that "counsel's action in accepting the jury led to a reasonable assumption that he had abandoned, for whatever reason, his earlier objection." *Id.* It noted, however, that:

> Had [defendant] renewed his objection or accepted the jury subject to his earlier [peremptory] objection, we would rule otherwise. Such action would have apprised the trial judge that [defendant] still believed reversible error had occurred. *At that point the trial judge could have exercised discretion to either recall the challenged juror for service on the panel, strike the entire panel and begin anew, or stand by the earlier ruling.*

*Id.* (emphasis added). As the italicized language reflects, the Court envisioned three options at the time of the renewed objection: recall the challenged juror, strike the panel and start over, or stand pat.

But once a jury is accepted and a challenged juror is dismissed and unavailable, as in this case, only two options remain: strike the panel or stand by the prior ruling. That only two of these three options remain after jurors are *dismissed*, however, does not strike us as a basis to alter the long-standing principle that a defendant has a right to lodge an objection up until the jury is *sworn*, as Ivey did in this case. *See, e.g.*, *Jackson v. State*, 464 So. 2d 1181, 1183 (Fla. 1985); *O'Connor v. State*, 9 Fla. 215, 229 (1860); *Shelby v. State*, 301 So. 2d 461, 462 (Fla. 1st DCA 1974). Drawing the line at this point makes the most sense because it is the final step before the jury selection process ends and trial begins. As such, we pass upon the certified question and answer it in the negative.

In light of the three-option language in *Joiner*, however, a plausible argument is that accepting a jury and allowing a challenged juror to be dismissed is sufficient grounds to conclude that the peremptory objection has been abandoned entirely, which would move the existing timeline back and preclude a renewed objection after juror dismissal but before the jury is sworn. To allow our supreme court to consider the matter, we certified the question above for its consideration. *Barritt v. State*, 517 So. 2d 65, 68 (Fla. 1st DCA 1987) (certifying question due to perceived need

2

to clarify supreme court caselaw), *decision quashed*, 531 So. 2d 338 (Fla. 1988) (accepting jurisdiction and quashing decision).

MAKAR, J., and BROWN, JOHN, ASSOCIATE J., concur; WINSOR, J., dissents in part with opinion.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

WINSOR, J., dissenting in part.

The panel reversed Ivey's conviction, concluding the trial court should have disallowed a particular peremptory challenge. Because Ivey did not preserve this argument, we should have affirmed, *see* Op. at 4 (Winsor, J., dissenting in part), and we should now grant rehearing to correct our error. For the same reason, we should not pass upon the question certified. Irrespective of whether a defendant generally may later renew a previously waived objection, Ivey did not do that. No matter the certified question's answer, Ivey's objection was waived. Nonetheless, the panel's decision *did* pass on the certified question, so our decision today confers discretionary jurisdiction. If the supreme court accepts review—and if it agrees with the panel that Ivey lodged a sufficient renewed objection—it could aid this court (and others) by clarifying its *Joiner* holding.

---

Andy Thomas, Public Defender, Jennifer P. LaVia, Special Public Defender, for Appellant.

Pamela Jo Bondi, Attorney General, Michael McDermott, Assistant Attorney General, for Appellee.

3