**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0883n.06

No. 11-6054

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Aug 10, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| WILSON JONES, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  BOGGS and WHITE, Circuit Judges; BLACK, District Judge.[*]

PER CURIAM.  Wilson Jones appeals the district court's sentence.  For the reasons below, we affirm.

In 2008, law enforcement officers arrested Jones, a convicted felon, after he attempted to sell two firearms, one of which had been stolen, to a shop in Memphis, Tennessee.  Jones pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  The district court concluded that Jones's total offense level was 30 and that his criminal history category was VI, resulting in a guidelines range of imprisonment of 168 to 210 months.  The court further determined that based on Jones's seven prior convictions for burglary, robbery, escape, and aggravated robbery, he was an armed career criminal under 18 U.S.C. § 924(e), and therefore subject to a statutory mandatory minimum term of 180 months in prison.  The court sentenced Jones to 180 months in prison.

---

[*]The Honorable Timothy S. Black, United States District Judge for the Southern District of Ohio, sitting by designation.

On appeal, Jones argues that his sentence violated the Eighth Amendment because it was disproportionate to his offense and its mandatory nature improperly prohibited the district court from considering as mitigating factors the nature of the offense, the fact that he had not committed a violent crime in thirteen years, and the fact that several of his predicate convictions occurred while he was a juvenile with substance abuse problems. We review de novo a challenge to a sentence under the Eighth Amendment. *United States v. Caver*, 470 F.3d 220, 247 (6th Cir. 2006). The Eighth Amendment does not require either strict proportionality between crime and sentence or consideration of a defendant's mitigating factors. *United States v. Moore*, 643 F.3d 451, 454 (6th Cir. 2011). "Rather, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Id.* (internal quotation marks omitted).

Given the gravity of Jones's offense and his extensive criminal history, we conclude that his fifteen-year sentence did not constitute cruel and unusual punishment. *See Moore*, 643 F.3d at 454-56; *United States v. Johnson*, 22 F.3d 674, 682-83 (6th Cir. 1994). The Supreme Court's decision in *Graham v. Florida*, 130 S. Ct. 2011 (2010), does not compel a different result because, unlike the defendant in *Graham*, Jones was an adult when he committed the felon-in-possession offense and his fifteen-year sentence was much less severe than the life sentence imposed in *Graham*. *See Moore*, 643 F.3d at 457.

Accordingly, we affirm the district court's sentence.