GLANT, DAVID A., Associate Judge.
Bryan A. Romero raises two issues on appeal: 1) the trial court erred in allowing the state to exercise a peremptory strike on a venireperson based on the fact that she spoke Spanish and might not defer to the official translation 2) his life sentence without the possibility of parole for second-degree murder is unconstitutional under Graham v. Florida, — U.S. -, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). We affirm on both issues for the reasons set forth below.
On a summer afternoon in Jacksonville, Florida, the victim Timothy Siebold and his girlfriend wanted to visit a neighborhood park. Unsure of how to enter, they asked for directions from three teenage boys nearby. At this moment, appellant and a friend walked past them. Appellant was 18. Appellant and his friend commented that Mr. Siebold and his girlfriend were probably buying drugs off the teenagers, whereupon a verbal altercation ensued between the parties. In a matter of *552 moments, appellant pulled out a gun hidden under his shirt and shot Mr. Siebold, who was shirtless, in the chest. Appellant and his friend then ran off in opposite directions and appellant threw his gun into a bush. Mr. Siebold was rushed to Shands hospital but died that night. Appellant was found guilty of second-degree murder by a jury and sentenced to life without parole.
Appellant’s first issue is unpre-served for review because defense counsel affirmatively accepted the jury “immediately prior to its being sworn without reservation of his earlier-made objection.” Joiner v. State, 618 So.2d 174, 176 (Fla.1993). We briefly address this issue as a reminder to practitioners that the reasoning behind this rule is to prevent defense from proceeding to trial “before a jury he unqualifiedly accepted, knowing that in the event of an unfavorable verdict, he would hold a trump card entitling him to a new trial.” Id. at 176 n. 2. See also Mitchell v. State, 620 So.2d 1008, 1009 (Fla.1993); Milstein v. Mutual Sec. Life Ins. Co., 705 So.2d 639, 640 (Fla. 3d DCA 1998); Bauta v. State, 698 So.2d 860, 862 (Fla. 3d DCA 1997). Although there have been instances where an explicit renewal of the objection was deemed “futile” because a jury was sworn in within a matter of minutes after the initial objection, Gootee v. Clevinger, 778 So.2d 1005, 1009 (Fla. 5th DCA 2000), such was not the appellant’s case. Instead, there was a day’s lapse between appellant’s initial objection and the jury being sworn. Moreover, affirmative acceptance as required by Joiner can be inferred from counsel’s failure to renew his objection. See Milstein, 705 So.2d at 641; Watson v. Gulf Power Co., 695 So.2d 904, 905 (Fla. 1st DCA 1997). As this issue was not properly preserved, we do not reach the merits.
We now turn to appellant’s constitutional challenge under Graham v. Florida, — U.S. -, 130 S.Ct. 2011, 176 L.Ed.2d 825, which prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. Id. at 2034.[1] However, appellant was not a juvenile at the time of the offense. He urges us to overlook this fact by focusing on the juvenile nature of his mental and emotional development. He argues, in essence, that he was a juvenile in all but age.
At appellant’s sentencing hearing, which consisted of nine witnesses and produced over 100 pages of transcript, appellant urged the trial judge to view his age as a mitigating factor. Specifically, appellant demonstrated through the testimony of his examining psychologist that he is borderline mentally retarded with an IQ of approximately 70, that he has a learning disability, and never passed the seventh grade. Appellant also offered his proclivity for video games as well as his reliance *553 on the advice of his mother as further evidence of his juvenile nature. At the hearing, defense counsel explicitly stated in closing, ‘Tour Honor, what I’m asking you for is to look at his age.” The trial judge did consider his age, but decided that given the brutality of this murder in broad daylight, Mr. Romero had “forfeited all opportunities to walk in the midst of our free society.” Unsuccessful in mitigating his life sentence, appellant now argues on appeal that Graham should be extended to him based on the same youth factors he advanced below.
Graham, is not controlling for an adult defendant. In so holding, we emphasize, as did the Second District, that the Supreme Court itself limited the scope of Graham. The Second District derived four necessary factors for Graham to apply, which we fully endorse:
(1) the offender was a juvenile when he committed his offense, (2) the sentence imposed applied to a singular nonhomi-cide offense, (3) the offender was “sentenced to life,” and (4) the sentence does not provide the offender with any possibility of release during his lifetime.
Walle v. State, 99 So.3d 967 (Fla. 2d DCA 2012).[2] Appellant was 18 at the time of the offense and thus does not meet the first necessary factor. Nor does appellant’s case meet the second factor as a homicide was committed.[3] Unless all four factors are met, Graham will not apply.
Not a single court in this country has extended Graham to an adult offender. On the contrary, several courts have reaffirmed that Graham is inapplicable to adult offenders. The Fourth District in Jean-Michel v. State, 96 So.3d 1043 (Fla. 4th DCA 2012) held that Graham itself refuted the contention that it applied to a 19 year old defendant. In United States v. Moore, 643 F.3d 451, 457 (6th Cir.2011), the adult defendant argued that his statutorily-mandated sentence of fifteen years for possession of a firearm as an “Armed Career Criminal” was unconstitutional by analogizing to Graham. He asserted that his reduced culpability, resulting from mental retardation, was not adequately considered as Graham would require. Moore, 643 F.3d at 457. The Sixth Circuit responded, “[i]n adopting a categorical approach, the Court drew a line exempting a specific class of offender (juveniles who do not commit homicide) from a specific punishment (life without the possibility of parole). But this approach does not apply in every Eighth Amendment challenge.” Id. See also United States v. Jones, 476 Fed.Appx. 651, 652 (6th Cir.2012) (“The Supreme Court’s decision' in Graham ... does not compel a different result because, unlike the defendant in Graham, Jones was an adult when he committed the ... offense”); United States v. Graham, 622 F.3d 445, 462 (6th Cir.2010) cert. denied Graham v. United States, — U.S. -, 131 S.Ct. 2962, 180 L.Ed.2d 251 (U.S.2011) (holding that Graham did not prohibit an adult defendant from receiving a life sentence imposed for his third qualifying felony under 21 U.S.C. § 841(b)(1)(A)); United States v. Scott, 610 F.3d 1009, 1018 (8th Cir.2010) (“The Court in Graham did not call into question the constitutionality of using prior convictions, juvenile or otherwise, to enhance the sentence of a convicted adult.”); United States v. Farley, 607 F.3d 1294, 1342 n. 34 (11th Cir.2010) (holding that Graham did not affect the defen *554 dant’s thirty-year mandatory minimum child-pornography sentence because the defendant was an adult at the time he committed the offense).
Appellant concedes that the rule of Graham does not apply to him, but urges this Court to advance the rationale of Graham on a case-by-case approach. Presumably, this would require us to scrutinize appellant’s life sentence based on his purported juvenile characteristics: low IQ, emotional immaturity, and low level of education. We decline to do so because nothing in Graham mandates, or even suggests that its rationale should be expanded to adult defendants. Were we to apply this novel analysis and find for the appellant, we would be bound to find, for example, that a life sentence for a 49 year old offender with similar juvenile traits would also be unconstitutional under the theory of diminished culpability due to his youth.
We apply Graham as written. We decline to take the extreme act of extending Graham to adult offenders in the absence of a clear and explicit directive from the Supreme Court.
Affirmed.
THOMAS and ROWE, JJ., concur.

. Miller v. Alabama, - U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), decided two months after appellant's appeal, held that mandatory life sentences without parole for those under the age of 18 who committed a homicide violates the Eighth Amendment because such a mandatory sentencing scheme "prevent[ed] those meting out punishment from considering a juvenile’s 'lessened culpability’ and greater 'capacity for change’.” Id. at 2460. Appellant indirectly relies on Miller by citing Daugherty v. State, 96 So.3d 1076 (Fla. 4th DCA 2012), in which the Fourth District remanded a juvenile's non-mandatory sentence to life without parole for the trial court to "expressly consider whether any of the numerous ‘distinctive attributes of youth' referenced in Miller apply in this case.” Id. Appellant's reliance on these cases is misplaced because appellant is not a juvenile and his sentence was not statutorily-mandated. Assuming, arguendo, that Miller applies, appellant received a full sentencing hearing where his youth was extensively discussed. Thus Miller would not affect the outcome.

. In formulating these factors, the Second District looked to Miller v. Alabama as guidance for applying Graham and noted that Graham’s "foundational principle" is that a state’s most severe penalty cannot be meted out to juveniles with complete disregard to the fact that they are children. See Walle v. State, 99 So.3d 967 (Fla. 2d DCA 2012).

. See supra n. 1 discussing the inapplicability of Miller.