STEVENSON, J.
The defendant was tried by jury and convicted of possession of cocaine and possession of drug paraphernalia. Having considered each of the three issues raised, we find merit in only his claim that the trial court erred in allowing the State to peremptorily strike three African-American jurors without conducting the “genuineness” analysis required by Melbourne v. *968 State, 679 So.2d 769 (Fla.1996). We write to address this issue.
When the exercise of a peremptory strike is challenged, the courts must follow the three-step process set forth by the supreme court in Melbourne.
A party objecting to the other side’s use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and e) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.
At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3).
Melbourne, 679 So.2d at 764 (footnotes omitted); see also Murray v. State, 8 So.3d 1108, 1119 (Fla.2009).
It is step three of the analysis that is at issue in this case. In step three, “the trial court must satisfy itself that the explanation is not a pretext.” Hayes v. State, 94 So.3d 452, 461 (Fla.2012). In assessing the genuineness of the non-discriminatory reason offered for the strike, the trial court is to consider all relevant circumstances surrounding the strike, including the make-up of the venire, prior strikes against the racial or gender group of which the challenged juror is a member, whether the explanation given for the challenge is equally applicable to other jurors who were not challenged, and whether the juror has been singled out. Id. at 462, 462 n. 6. “Melbourne ‘does not require the trial court to recite a perfect script or incant
specific words in order to properly comply with its analysis under step three,’ ” but “the trial court must still ‘weight ] the genuineness of a reason just as it would any other disputed fact.’ ” Victor v. State,— So.3d-,-(Fla. 4th DCA 2012) (quoting Wimberly v. State,— So.3d -, - (Fla. 4th DCA 2012), review denied, 108 So.3d 657 (Fla.2012)). “ ‘[W]here the record is completely devoid of any indication that the trial court considered circumstances relevant to whether a strike was exercised for a discriminatory purpose, the reviewing court, which is confined to the cold record before it, cannot assume that a genuineness inquiry was actually conducted in order to defer to the trial court.’ ” Id. (quoting Wimberly, — So.3d-,-). “Compliance with each step is not discretionary, and the proper remedy when the trial court fails to abide by its duty under the Melbourne procedure is to reverse and remand for a new trial.” Hayes, 94 So.3d at 461.
Here, the State sought to exercise peremptory strikes as to three African-American jurors. On each occasion, the defense objected and sought a race-neutral reason. And, on each occasion, the defense took issue with the reasons offered by the prosecutor in support of the strike. The court allowed each of the three strikes after finding the proffered reason was race-neutral. There is nothing in the on-the-record exchange regarding the striking of the jurors reflecting that the court engaged in the required genuineness analysis. We are thus compelled to reverse and remand for a new trial.

Reversed and Remanded.

WARNER, J„ and STONE, BARRY J., Senior Judge, concur.