IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIE SMITH, JR.,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5037

_____/

Opinion filed August 14, 2014.

An appeal from the Circuit Court for Escambia County.
Terry D. Terrell, Judge.

Nancy A. Daniels, Public Defender, and L. Allen Beard, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Kristen Lynn Bonjour, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      The Appellant, Willie Smith, Jr., was charged with two counts of failure of a sex offender to report or register a change in permanent or temporary address. The jury found the Appellant guilty as charged. The Appellant appeals his convictions

and argues that the State improperly exercised a peremptory strike to exclude an African-American venireperson. Because it appears from the record that the trial court failed to determine the genuineness of the State's challenge, we are required to reverse.

The State argues that the peremptory strike issue was not preserved, but we do not agree. Generally, a party must renew an objection to a peremptory strike before affirmatively accepting the jury. Joiner v. State, 618 So. 2d 174, 176 (Fla. 1993) (counsel's acceptance of the jury led to a reasonable assumption that he had abandoned his objection). However, if the jury is sworn only minutes after the initial objection, an explicit renewal of the objection is not necessary. Romero v. State, 105 So. 3d 550, 552 (Fla. 1st DCA 2012) (citing to Gootee v. Clevinger, 778 So. 2d 1005, 1009 (Fla. 5th DCA 2000)). Here, the jury was sworn only a matter of minutes after the objection. As such, the objection did not need to be renewed, and it is not reasonable to believe defense counsel abandoned the objection. This issue was preserved.

We now turn to the issue at bar. During jury selection, the State exercised a peremptory strike for an African-American venireperson. Defense counsel asked for a "reason," and the following exchange occurred:

> STATE: She's 18 years old. She's unemployed. She's only been in Escambia County for two years. The witness[] in this case is a young black female who had a baby with the defendant, and that's why he was over at her house because he was having a baby with her. I just

2

think - I would rather not run the risk – she would have emotional relationship or response to the girlfriend in this case.

DEFENSE COUNSEL:  She doesn't have any children, though.

STATE:  It doesn't matter.

THE COURT:  The State's alleging that – neutral reason.  So any response?

DEFENSE COUNSEL:  No, sir.

THE COURT:  Objection overruled.

In Melbourne v. State, the Florida Supreme Court set forth the following clear guidelines for challenging a peremptory strike on racial grounds.

> A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike....

> At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.

679 So. 2d 759, 764 (Fla. 1996) (footnotes omitted).

The issue in this case involves the third step.  The genuineness inquiry requires that the trial court weigh the reasons and the counsel offering those reasons in light of the circumstances of the case and the voir dire.  Hayes v. State,

3

94 So. 3d 452, 462 (Fla. 2012). Trial courts may consider the following relevant circumstances when determining genuineness of a peremptory strike: (1) the racial make-up of the venire, (2) prior strikes exercised against the same group, (3) if the reason is equally applicable to an unchallenged juror, or (4) if the juror is being singled out for special treatment. Melbourne, 679 So. 2d at 764 n.8 (citing State v. Slappy, 522 So. 2d 18 (Fla. 1988)). However, this list of circumstances is not exhaustive, and the trial court is not required "to recite a perfect script or incant specific words in order to properly comply" with a genuineness analysis. Hayes, 94 So. 3d at 463.

A trial court's genuineness analysis may be implicit. See Fleming v. State, 825 So. 2d 1027, 1029 (Fla. 1st DCA 2002) (finding that "by overruling the defense's objections, the lower court made an implicit finding that the [S]tate's strikes were genuine"); Bowden v. State, 787 So. 2d 185, 188 (Fla. 1st DCA 2001). However, this Court has clarified that if the trial court merely focuses on the fact that a race-neutral reason was offered without making a finding, implicit or otherwise, that the reasons were genuine, the third step cannot be fulfilled. Tetreault v. State, 24 So. 3d 1242, 1244 (Fla. 1st DCA 2009) (finding that the trial court's acceptance of the reasons as gender-neutral was not sufficient to imply a finding of genuineness) (citing Simmons v. State, 940 So. 2d 580, 582-83 (Fla. 1st DCA 2006) (finding that because the trial court focused on the fact the State

4

offered a seemingly race-neutral reason and accepted that the State's reason for the strike as helpful for the defense, the trial court bypassed the genuineness inquiry)).

Here, the record provides no indication that the trial court engaged in a genuineness inquiry. The trial court stated that the reason was neutral, asked for defense counsel's response, and then overruled the objection. There is no language in the record that reflects the trial court's consideration of genuineness or pretext. As such, it appears the trial court failed to implicitly or explicitly make a finding regarding the genuineness of the State's reason.

Because we are unable to determine that the trial court satisfied step three, we are required to REVERSE and REMAND for a new trial. See Simmons, 940 So. 2d at 583.

WOLF and ROWE, JJ., and PARKER, GREGORY S., ASSOCIATE JUDGE, CONCUR.