DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY RAYNELL SPENCER JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3021

[ February 18, 2015 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 11CF012349AMB.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

In this appeal from a conviction for aggravated battery with a firearm, appellant, Anthony Raynell Spencer Jr., argues that the trial court erred in (1) allowing the state's peremptory strike of an African American juror without conducting a proper inquiry into the state's reason for the strike, and (2) permitting the victim to testify about collateral evidence that appellant tried to take the victim's cell phone a week before the shooting. We conclude that the trial court did not abuse its discretion in allowing evidence of the cell phone incident, because this evidence was inextricably intertwined with the aggravated battery charge. The evidence was necessary to establish the context out of which the shooting arose and to adequately describe the events leading up the charge. *See Ward v. State*, 59 So. 3d 1220, 1222 (Fla. 4th DCA 2011).

We agree, however, with appellant's argument that the trial court erred in permitting the state to exercise a peremptory challenge against an African American juror, because the trial court supplied its own reasons for the strike instead of requiring the state to give a race-neutral reason and then assessing the genuineness of the state's reason. However,

because appellant did not properly preserve this issue for appellate review by accepting the jury subject to his prior objection or renewing his objection before the jury was sworn, we affirm.

At trial, during jury selection, the prosecutor attempted to strike Juror 3.4, a Jamaican-born juror, for cause. The following exchange occurred:

> [THE COURT]: I'll strike that. [Juror 3.4] was rubbing her stomach and – is she pregnant? I didn't want to ask her.
> [THE STATE]: Judge, I also have her cause. She made several statements.
> [THE COURT]: Cause, unless she was sick. But what if she was but she threw up and she would be fine. I saw some of the jurors rolling their eyes.
> [DEFENSE]: I asked her specifically.
> [THE COURT]: I know you did.
> [DEFENSE]: She said that she ate something but she would be fine. So I would object to her being stricken for cause.
> [THE COURT]: We'll leave her on there.

Juror 3.4 spoke softly during the jury selection proceedings, and the trial judge and attorneys asked her to speak up because they had difficulty hearing her. At one point, when Juror 3.4 was late returning from a recess, the court asked her "[h]ow long were you going to keep us waiting?" She apologized.

When defense counsel asked whether anyone preferred not to serve on the jury, Juror 3.4 raised her hand. The trial judge asked her if she had been sick earlier; she said that she had, and explained: "I'm just nervous about the situation. It's my first time. If I get called I would do the best that I can." When defense counsel asked her if she felt well enough to sit on the jury and make a decision on the facts of the case, she answered that "[i]t would pass away."

Later, when appellant objected to the prosecutor's use of a peremptory challenge against Juror 3.4, the trial judge did not ask the prosecutor to give a race-neutral reason for the peremptory strike. Instead, the judge stated his own reasons for allowing the strike:

> [THE STATE]: The State would strike Juror 3.4
> [DEFENSE]: Judge, we would object to 3.4 being stricken for cause and request a race neutral reason.
> [THE COURT]: There was a lot of race neutral.
> [DEFENSE]: African American

2

> [THE COURT]: You struck an African American.  There was a lot of reasons.  One, she was late.  She didn't show up.  Two, you couldn't hear what she had to say.  Three, she was sick, threw up.
> [DEFENSE]: She also said that she was fine now.  Whatever she had to eat.
> [THE COURT]: I think there was a lot of reasons.  I don't see any need to inquire further.
> [DEFENSE]: Are you allowing the State to strike Juror 3.4?
> [THE COURT]: Yes.
> [DEFENSE]: Over objection.

After the state and defense exhausted their remaining peremptory strikes and chose an alternate juror, the jury was sworn without defense counsel renewing her earlier objection.

When a party challenges the opponent's exercise of a peremptory strike, the trial court must follow the three-step procedure set forth by the Florida Supreme Court in *Melbourne v. State*, 679 So. 2d 759 (Fla. 1996):

> **Step 1**  A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike.  If these initial requirements are met, the court must ask the proponent of the strike to explain the reason for the strike.
> **Step 2**  At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation.
> **Step 3**  If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained.

*Frazier v. State*, 899 So. 2d 1169, 1173 (Fla. 4th DCA 2005) (citing *Melbourne*, 679 So. 2d at 764).  "Compliance with each step is not discretionary, and the proper remedy when the trial court fails to abide by its duty under the *Melbourne* procedure is to reverse and remand for a new trial."  *King v. State*, 106 So. 3d 966, 968 (Fla. 4th DCA 2013) (quoting *Hayes v. State*, 94 So. 3d 452, 461 (Fla. 2012)) (internal quotation marks omitted); *see also Welch v. State*, 992 So. 2d 206, 212 (Fla. 2008) (reversing because the trial court focused on the grounds for the defense's objection instead of requesting the state's reason for the strike); *Sabine v. State*, 58

3

So. 3d 943, 946 (Fla. 2d DCA 2011) (reversing because the trial court analyzed the pattern of the state's prior peremptory strikes rather than following the proper *Melbourne* procedure).

In this case, appellant complied with Step 1 of the *Melbourne* procedure by timely objecting to the peremptory strike on racial grounds and requesting the state's race-neutral reason for the strike. However, the trial court failed to follow steps 2 and 3 by not requiring the state to provide a race-neutral explanation. Rather, the court supplied its own reasons for the challenge and sustained them without inquiring of the state's reasons for the challenge. The court noted that there are a "lot of reasons" to strike Juror 3.4: (1) she was late showing up after a recess; (2) she spoke too softly; and (3) she was sick.

The trial court's failure to follow the proper procedure when faced with a challenge to the use of peremptory strikes would ordinarily result in a reversal. *See Tillman v. State*, 522 So. 2d 14, 17 (Fla. 1988) (reversing death sentence and remanding for a new sentencing proceeding because the trial court expressed his own reason for allowing a peremptory strike against a prospective juror without conducting a proper inquiry into the prosecutor's racially neutral reasons for the strike). As the *Tillman* court explained, "[t]he procedure that was followed failed to insure that Tillman's rights to a jury composed of a fair cross section of the community were protected. Instead, Tillman was subjected to a proceeding that was open to racial discrimination by the state, thus violating article I, section 2 of the Florida Constitution, as well as the Equal Protection Clause of the fourteenth amendment to the United States Constitution." *Id.*

The state correctly argues, however, that appellant failed to preserve the peremptory strike issue for review, because defense counsel failed to renew the objection before the jury was sworn.

As a general rule, a party must renew an objection to a peremptory strike before affirmatively accepting the jury. *Joiner v. State*, 618 So. 2d 174, 176 (Fla. 1993). In *Joiner*, the supreme court held that the defendant waived his peremptory challenge issue by affirmatively accepting the jury before it was sworn without renewing his objection or accepting the jury subject to his earlier objection. *Id.* The supreme court explained that "counsel's action in accepting the jury led to a reasonable assumption that he had abandoned, for whatever reason, his earlier objection. It is reasonable to conclude that events occurring subsequent to his objection caused him to be satisfied with the jury about to be sworn." *Id.*

Appellant relies on *Gootee v. Clevinger*, 778 So. 2d 1005 (Fla. 5th DCA

4

2000), in arguing that this issue was preserved for appellate review. In *Gootee*, the Fifth District held that the personal representative of a decedent in a wrongful death action adequately preserved his challenge to jurors for cause, even though he did not renew his objection immediately before the jury was sworn. *Id.* at 1009. The court concluded that the cause challenge was preserved because the personal representative made an objection just moments before the jury was sworn. After the trial court denied the personal representative's cause challenges to two jurors, the personal representative requested an additional peremptory challenge to use on another juror. The court denied his request and "within a matter of a couple of minutes (three pages later in the transcript), the jury was sworn." *Id.*

In finding that the jury issue was preserved, the Fifth District distinguished *Joiner*, stating "[i]n this case, because of the specific objection communicated to the judge and the proximity of this objection to the swearing of the jury, there is no question that the judge understood and rejected Gootee's consistently maintained position that the judge had erred. It would have been futile for the lawyer to repeat what he had just told the judge." *Id.* at 1009.

Similarly, in *Johnson v. State*, 27 So. 3d 761, 764 (Fla. 2d DCA 2010), the court held that that there was no need for the defendant to renew his objection to a peremptory challenge before the jury was sworn to preserve the issue, because the trial court reconsidered and overruled the defendant's objection immediately prior to swearing in the jury. The Second District reasoned that a further objection after the trial court again sustained the strike would have been an obviously futile gesture.

More recently, in *Smith v. State*, 143 So. 3d 1194 (Fla. 1st DCA 2014), the First District rejected the state's position that defense counsel failed to preserve the peremptory strike issue by explicitly renewing the objection before accepting the jury. There, the court noted that the jury was sworn "only a matter of minutes after the objection. As such, the objection did not need to be renewed, and it is not reasonable to believe defense counsel abandoned the objection." *Id.* at 1196.

In *USAA Casualty Insurance Co. v. Allen*, 17 So. 3d 1270, 1271 (Fla. 4th DCA 2009), we disagreed that renewing an objection prior to the swearing in of the jury would have been futile. We distinguished *Gootee* because the objection was "not so close to the end of jury selection that it could be considered preserved without renewing the objection, as in *Gootee* . . . ." *Id.*; *see also Romero v. State*, 105 So. 3d 550, 552 (Fla. 1st DCA 2012) (holding that *Gootee* did not apply because "there was a day's lapse

5

between appellant's initial objection and the jury being sworn").

In the present case, although defense counsel did raise an initial objection to the peremptory strike, she did not renew it prior to the jury being sworn or accept the jury subject to her objection, as required by *Joiner*. The facts and circumstances that excused the requirement to renew the objection in *Gootee, Johnson,* and *Smith* are not present in this case. Here, the jury was not sworn "only a matter of minutes after the objection," but, instead, after defense counsel and the state continued exercising peremptory challenges and making selections that affected the composition of the jury. Under these circumstances, counsel's renewal of her objection would not have been futile, and her failure to renew her objection or accept the jury subject to her earlier objection could have "led to a reasonable assumption that [s]he had abandoned, for whatever reason, [her] earlier objection." *Joiner*, 618 So. 2d at 176. As the supreme court explained in *Joiner*, "[i]t is reasonable to conclude that events occurring subsequent to [her] objection caused [her] to be satisfied with the jury about to be sworn." *Id.*

In any event, a trial judge should not have to speculate about whether counsel is maintaining a prior objection before swearing in the jury. To avoid an unintended waiver of the issue, counsel should apprise the court of her continued objection to peremptory challenges before the jury is sworn and give the court "one final opportunity to correct any possible errors before the jury is sworn." *Milstein v. Mut. Sec. Life Ins. Co.*, 705 So. 2d 639, 642 (Fla. 3d DCA 1998) (Sorondo, J., specially concurring).

Finally, we reject appellant's argument that he did not "affirmatively accept" the jury because the trial judge did not specifically ask defense counsel if she accepted the jury, and because she did not respond that she did accept the jury before it was sworn. Even though defense counsel made no statement affirmatively accepting the jury, she nonetheless had to renew her objection to the peremptory strike to preserve the issue. *See Romero*, 105 So. 3d at 552 ("[A]ffirmative acceptance as required by *Joiner* can be inferred from counsel's failure to renew his objection."); *Milstein*, 705 So. 2d at 641 ("[T]he logic of *Joiner* requires the litigant to renew the previous objection even where, as here, the litigant has made no statement affirmatively accepting the jury."); *see also Milstein*, 705 So. 2d at 642 (Sorondo, J., specially concurring) (suggesting that in *Mitchell v. State*, 620 So. 2d 1008 (Fla. 1993), the supreme court expanded its holding in *Joiner* to require "that even where counsel does not formally accept the jury, an objection must be recorded before the jury is sworn").

We conclude that *Joiner* required the objection to be renewed in this

6

case.  Since defense counsel failed to renew her objection and preserve the issue for appellate review, we affirm.

*Affirmed.*

WARNER and KLINGENSMITH, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***