# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-331

_____

JAMES FARMER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

April 29, 2019

ROBERTS, J.

In *Graham v. Florida*, 560 U.S. 48 (2010), the United States Supreme Court declared that it was a violation of the Eighth Amendment to impose a sentence of life imprisonment without parole upon a juvenile offender who was convicted of a non-homicide crime. In *Miller v. Alabama*, 567 U.S. 460 (2012), the Supreme Court extended its holding from *Graham* to provide that murderers who were juveniles at the time of the commission of their crimes cannot not be sentenced to mandatory life imprisonment without the possibility of parole. In this appeal of a petition pursuant to Florida Rule of Criminal Procedure 3.800(a), the appellant asks us to extend the holdings of *Graham* and *Miller* to provide that his sentence for his participation in a murder,

which he committed when he was an adult, is illegal.[1] We will not do so. *See Romero v. State*, 105 So. 3d 550, 552-53 (Fla. 1st DCA 2012) (finding that the defendant's life in prison sentence was not unconstitutional as he committed his crime at the age of eighteen).

The United States Supreme Court has held that there is a bright line between being a juvenile and an adult; that line is eighteen. The Court first discussed the bright line in *Roper v. Simmons*, 543 U.S. 551 (2005). In *Roper*, the defendant was sentenced to death for his involvement in a murder that was committed when he was seventeen years and five months old. *Id.* at 557-58. During the penalty phase, the defendant argued that he should not receive a death sentence because he had no prior convictions or charges previously filed against him, he was very immature, he was very impulsive, and he was very susceptible to being manipulated or influenced. *Id.* at 558-59. In determining whether the defendant's sentence violated the Eight Amendment, the Court categorically stated that juveniles are different because of their immaturity, their lack of responsibility, their greater susceptibility to negative influences and pressure, and the fact that they have fewer fixed personality traits. *Id.* at 569-71. After having acknowledged those differences, the Court declared that there was a need for a bright line even though a bright line does not allow considerations for those that mature faster or slower. *Id.* at 574. The Court held that because society draws the line at eighteen between childhood and adulthood, that is where the line is with regards to imposing the death penalty. *Id.*

Five years after *Roper* was decided, the United States Supreme Court reaffirmed that eighteen was the line between being a juvenile and an adult. *Graham*, 560 U.S. at 75-79. This time the Court explained that it was explicitly rejecting the case-by-case approach and why. *Id.* at 76-79. The Court also explained why it chose the bright line rule of eighteen. *Id.* at 79-84.

The bright-line rule of when adulthood begins and childhood ends drawn by the United States Supreme Court has not been

---

[1] The appellant also claimed that he was convicted of a crime that he was not included in his indictment. We find no merit in this argument and affirm without comment.

changed by the Florida Supreme Court nor has the Florida Supreme Court stated that the Florida Constitution offers a different level of protection. *See e.g. Foster v. State*, 258 So. 3d 1248 (Fla. 2018) (declining to extend *Roper* to an eighteen-year-old defendant sentenced to death) (reaffirming that society has drawn the line at eighteen); *Branch v. State*, 236 So. 3d 981, 985-97 (Fla. 2018) (declining to extend *Roper* to a twenty-one-year-old defendant sentenced to death); *Guzman v. State*, 183 So. 3d 1025, 1027 (Fla. 2016) (Pariente, J. concurring) (even though there was less than a year difference between the defendants in *Graham* and *Guzman*, society must draw a line somewhere, and society consistently draws it at the age of eighteen). In fact, Florida courts must construe the prohibition against cruel and unusual punishment in conformity with the United States Supreme Court even if they were inclined to follow the direction of other courts that are deviating from the bright-line rule of age eighteen. Art. I, § 17, Fla. Const.

Even though some courts may have deviated from the bright line, society, as a whole, continues to hold the line at eighteen. At eighteen, a person is deemed mature enough to exercise the sovereign franchise.[2] At eighteen, a person is mature enough to sit in judgment of his or her fellow citizens on a jury in all but five states.[3] At eighteen, a person can join the military without

---

[2] 11 C.F.R. § 110.18.

[3] *See* Ala. Code § 12-16-60 (2018); Alaska Stat. § 09.20.010 (2018); Ariz. Rev. Stat. Ann § 21-201 (2018); Ark. Code Ann. § 16-31-102 (2018); Cal. Civ. Proc. Code § 203 (West 2018); Colo. Rev. Stat. § 13-71-105 (2018); Conn. Gen. Stat. § 51-217 (2018); Del. Code Ann. tit. 10, § 4509 (2018); D.C. Code § 11-1906 (2018); § 40.01, Fla. Stat (2018); Ga. Code Ann. § 15-12-60 (2018); Haw. Rev. Stat. § 612-4 (2018); Idaho Code § 2-209 (2018); 705 Ill. Comp. Stat. Ann. 305/2 (West 2018); Ind. Code § 33-28-5-18 (2018); Iowa Code § 607A.4 (2018); Kas. R. Jury Stand. 4 (2018); Ky. Rev. Stat. Ann. § 29A.080 (West 2018); La. Code Crim. Proc. Ann. art. 401 (2018); Me. Stat. tit. 14 § 1211 (2018); Md. Cod Ann., Cts. & Jud. Proc. § 8-103 (West 2018); Md. Code, Gen. Provisions § 1-401 (2018); Mass. Gen. Laws ch. 234A § 4 (2018); Mich. Comp. Laws § 600.1307a (2018); Minn. R. 808 (2018); Miss. Code Ann. § 13-5-1 (2018); Mo.

needing parental consent.[4] At eighteen, male citizens are required to register for the military draft so that in times of national emergency, they may be compelled to fight and perhaps die for their country.[5] With the exception of two states, at eighteen, a person acquires the unrestricted right to consent to marriage.[6]

---

Rev. Stat. § 494.425 (2018); Mont. Code Ann. § 3-15-301 (2018); Neb. Rev. Stat. § 25-1601 (2018); Nev. Const. Art. 2, § 1 (2018); N.H. Rev. Stat. Ann. § 500-A:7-a (2018); N.J. Stat. Ann. § 2B:20-1 (2018); N.M. Stat. Ann. § 38-5-1 (2018); N.Y. Jud. Law § 510 (McKinney 2018); N.C. Gen. Stat § 9-3 (2018); N.D. Cent. Code § 27-09.1-08 (2018); Ohio St. Trial Ct. Jury Mgmt. Standard 4 (2018); Okla. Stat. tit. 38 § 28 (2018); Okla. Const. Art. 3 § 1 (2018); Or. Rev. Stat. § 10.030 (2018); 42 Pa. Const. Stat. and Con. Stat. Ann. § 4502 (West 2018); 25 Pa. Const. Stat. and Con. Stat. Ann. § 2811 (West 2018); 9 R.I. Gen. Laws § 9-9-1.1 (2018); S.C. Cod Ann. § 14-7-130 (2018); S.D. Codified Laws § 16-13-10 (2018); Tenn. Code Ann. § 22-1-101 (West 2018); Tex. Gov't Code Ann. § 62.102 (2018); Utah Cod Ann. § 78B-1-105 (West 2018); Vt. Stat. Ann. tit. 4 § 960 (2018); Vt. Stat. Ann. tit. 1 § 173 (2018); Va. Code Ann. § 19.2-195 (2018); Wash. Rev. Code § 2.36-070 (2018); W. Va. Code § 52-1-8 (2018); Wis. Stat. § 756.02 (208); Wyo. Stat. Ann. § 14-1-101 (2018); Wyo. Stat. Ann. § 1-11-101 (2019).

[4] Are You Eligible to Join the Military, Millitary.com, https://www.military.com/join-armed-forces/join-the-military-basic-eligibility.html (last visited March 26, 2019).

[5] 50 U.S.C. § 3803.

[6] *See* Ala. Code § 30-1-5 (2018); Alaska Stat. § 20.05.171 (2018); Ariz. Stat. Ann. § 25-102 (2018); Ark. Code Ann. § 9-11-102 (2018); Cal. Fam. Code § 301 (2018); Colo. Rev. Stat. § 14-2-106 (2018); Conn. Gen. Stat. § 46b-20a (2018); Del. Code Ann. tit., 13 § 123 (2019); D.C. Code § 46-411 (2018); § 741.04, Fla. Stat. (2018); Ga. Code Ann. § 19-3-2 (2018); Haw. Rev. Stat. § 572-2 (2018); Idaho Code § 32-202 (2018); Ill. Comp. Stat. 5/203 (2018); Ind. Code § 31-11-2-1 (2018); Iowa Code § 595.3 (2018); Kan. Stat. Ann. § 23-2505 (2018); Ky. Rev. Stat. Ann. § 402.210 (2018); La. Stat. Ann. § 29 (2018); La. Child. Code Ann. art. 1545 (2018); Me. Stat. tit. 19 § 652 (2018); Md. Code Ann. Fam. Law § 2-301 (2018); Mass. Gen.

Even though many states have recently enacted or proposed legislation to curtail the number of exceptions allowing minors to enter into marriage, no state has changed the age of the unrestricted right to marry.[7] In all but three states, at eighteen, a person acquires the unrestricted right to enter into and be held accountable for contracts.[8] At eighteen, a person obtains the

Laws ch. 207 § 7 (2018); Mich. Comp. Laws § 551.103 (2018); Minn. Stat. § 517.02 (2018); Miss. Code Ann. § 93-1-5 (2018); Mo. Ann. Stat. § 451.090 (2018); Mont. Code Ann. § 10-1-202 (2018); Neb. Rev. Stat. § 42-102 (2018); Nev. Res. Stat. § 122.020 (2018); N.H. Rev. Stat. Ann. § 457:5 (2018); N.J. Stat. Ann. § 37:1-6 (2018); N.Y. Domestic Relations Law § 7 (McKinney 2018); N.C. Gen. Stat. § 51-2 (2018); N.D. Cent. Code § 14-03-02 (2018); Ohio Rev. Code Ann. § 3101.01 (2018); Okla. Stat. tit. 43 § 3 (2018); 23 Pa. Cons. Stat. § 1304 (2018); R.I. Gen. Laws §§ 15-2-11, -12-1 (2018); S.C. Code Ann. § 20-1-300 (2018); S.D. Codified Laws § 25-1-9 (2018); Tenn. Code Ann. § 36-3-105 (2018); Tex. Fam. Code Ann. § 2.101 (West 2017); Utah Code Ann. § 30-1-2 (West 2018); Vt. Stat. Ann. tit. 18 § 5154 (2018); Va. Code Ann. § 20-48 (2018); Wash. Rev. Code § 26.04.010 (2018); W. Va. Code § 48-2-301 (2018); Wis. Stat. § 765.02 (2018); Wyo. Stat. Ann. § 20-1-102 (2018).

[7] *See* H.B. 2006, 53rd Gen. Assemb., 2d Reg. Sess. (Ariz. 2018); H.B. 1708, 92d Gen. Assemb. (Ark. 2019); H.B. 5442, 2017 Gen. Assemb, Jan. Sess. (Conn. 2017); H.B. 337, 149th Gen. Assemb., 2d Reg. Sess. (Del. 2018); C.S.C.S.S.B. 140, 120th Reg. Sess. (Fla. 2018); H.B. 228, 155th Gen. Assemb., (Ga. 2019); H.B. 790, 30th Reg. Sess. (Hi. 2019); H.B. 98, 95th Reg. Sess. (Id. 2019); S.B. 167, 129th Reg. Sess. (Me. 2019); H.B. 1147, 439th Gen. Assemb. (Md. 2019); H.B. 4003, 190th Reg. Sess. (Mich. 2019); S.B. 655, 99th Gen. Assemb., 2nd Reg. Sess. (Mo. 2018); H.B. 533, 66th Reg. Sess. (Mont. 2019); A.B. 139, 80th Reg. Sess. (Nev. 2019); A.B. 865, 218th Reg. Sess. (N.J. 2018); H.B. 360, 203d Gen. Assemb. (Pa. 2019); S.B. 395, 123d Gen. Assemb., 1st Reg. Sess. (S.C. 2019); Vt. Stat. Ann. tit. 18 § 5154 (2019); H.B. 1883, 66th Reg. Sess. (Wash. 2019); H.B. 60, 65th Gen. Sess. (Wyo. 2019).

[8] *See* Ala. Code § 26-1-1 (2018); Alaska Stat. § 25.20.010 (2018); Ariz. Stat. § 8-101 (2018); Ark. Code Ann. § 9-26-101 (2018); Cal. Fam. Code §§ 6500, 6710 (2018); Colo. Rev. Stat. § 13-22-101

unrestricted right to consent to healthcare services in every state except six.[9]

(2018); Conn. Gen. Stat. § 1-1d (2018); Del. Code Ann tit. 6, § 2705 (2018); D.C. Code § 46-101 (2018); § 743.07, Fla. Stat. (2018); Ga. Code Ann § 13-3-20 (2018); Haw. Rev. Stat. Ann. § 577-1 (2018); Idaho Code §§ 29-101, 32-101 (2018); 755 Ill. Comp. Stat. 5/11-1 (2018); Ind. Code §§ 1-1-4-5, 32-22-1-1 (2018); Iowa Code §§ 599.1-.2 (2018); Kan. Stat. Ann. §§ 38-101, -102 (2018); Ky. Rev. Stat. Ann. § 2.015 (West 2018); La. Civ. Code Ann. art. 29, 1918 (2018); Me. Stat. tit. 33 § 52 (2018); Md. Code Ann., Rule § 1-401 (West 2018); Mass. Gen. Laws ch. 231 § 850 (2018); Mich. Comp. Laws §§ 600.1403, 722.4 (2018); Minn. Stat. §§ 524.2-501, 645.452 (2018); Miss. Code Ann. §§ 1-3-27, 93-19-13 (2018); Mo. Ann. Stat. § 431.060 (West 2018); Mont. Code Ann. 41-1-304, -401 (2018); Neb. Rev. Stat. § 43-2101 (2018); Nev. Rev. Stat. §§ 129.010, 609.550 (2018); N.H. Rev. Stat. Ann. § 21:44 (2018); N.J. Stat. Ann. §§ 9:17A-2, 9:17B-3 (2018); N.M. Stat. Ann. § 28-6-1 (2018); N.Y. Gen. Oblig. Law § 3-101 (McKinney 2018); N.C. Gen. Stat. § 48A-2 (2018); N.D. Cent. Code §§ 9-02-01, 14-10-01 (2018); Ohio Rev. Code Ann. § 3109.01 (2018); Okla. Stat. tit. 15 §§ 13, 17 (2018); Or. Rev. Stat. § 109.510 (2018); 23 Pa. Stat. & Cons. Stat. Ann. § 5101 (2018); 15 R.I. Gen. Laws § 15-12-1 (2018); S.C. Code Ann. §§ 15-1-320, 63-5-310 (2018); S.D. Codified Laws §§ 26-1-2, 53-2-2 (2018); Tenn. Code Ann. § 1-3-105 (2018); Tex. Fam. Code Ann. § 31.006 (2018); Tex. Civ. Prac. & Rem. Code § 129.001 (2018); Utah Code Ann. § 15-2-1, -2 (2018); Vt. Stat. Ann. tit. 1 § 173 (2018); Va. Code Ann. § 1-204 (2018); Wash. Rev. Code Ann. § 26.28.010, -.030 (West 2018); W. Va. Code § 2-3-1 (2018); 298 N.W. 562, 565 (Wis. 1980) (generally minor may disaffirm contract); Wis. Stat. § 990.01 (2018); Wyo. Stat. Ann. § 14-1-101 (2018).

[9] *See* Ala. Code § 22-8-4 (2018); Alaska Stat. §§ 22.20.010, -.025 (2018); Ariz. Stat. §§ 8-101, 44-132 (2018); Ark. Code Ann. §§ 9-25-101, 20-9-602 (2018); Cal. Fam. Code §§ 6500, -922; Colo. Rev. Stat. § 13-22-103 (2019); Conn. Gen. Stat. Ann. § 54.1-2969 (West 2018); Del. Code Ann. tit. 13, § 707 (2018); D.C. Code §§ 16-4901, 46-101 (2018); Ga. Code Ann. §§ 31-9-2, -1-1; §§ 743.0645, -.067, Fla. Stat. (2018); Haw. Rev. Stat. Ann. §§ 577-1, -28 (2018); Idaho Code § 39-4503 (2018); 410 Ill. Comp. Stat. 210/1.5 (2018); 755 Ill.

It is well established that eighteen is the dividing line between adult privileges and responsibilities and the privileges and responsibilities of children. We decline the invitation to treat this adult murderer as a child.

AFFIRMED.

B.L. THOMAS, C.J., and OSTERHAUS, J., concur.

---

Comp. Stat. 5/11-1 (2018); Ind. Code § 16-36-1-3 (2018); Iowa Code §§ 135.17, 599.6 (2018); Kan. Stat. Ann. §§ 38-101, -123b (2018); Ky. Rev. Stat. Ann. §§ 2.015, 214.185 (2018); La. Stat. Ann. § 40:1159.4 (2018); La. Civ. Code Ann. art. 29 (2018); Me. Rev. Stat. Ann. tit. 22 § 1503 (2018); Me. Rev. Stat. Ann. tit. 1 § 73 (2018); Md. Code Ann., Gen. Provisions § 1-401 (2018); Md. Code Ann., Health-Gen § 20-102 (2018); Mass. Gen. Laws ch. 112, § 12F (2018); Mass. Gen. Laws ch. 4 § 7 (2018); Mich. Comp. Laws Ann. §§ 330.1264, 722.4 (2018); Minn. Stat. §§ 144.341, 722.52 (2018); Miss. Code Ann. §§ 1-3-27, 41-41-3 (2018); Mo. Rev. Stat. § 431.058 (2018); Mont. Code Ann. §§ 41-1-401, -402 (2018); Neb. Rev. Stat. §§ 43.2101, 71-9604 (2018); Nev. Rev. Stat. §§ 129.010, -.030 (2018); N.H. Rev. Stat. Ann. §§ 21:44, 126-Z:1 (2018); N.J. Stat. Ann. §§ 9:17A-1, 9:17B-3 (2018); N.M. Stat. Ann. §§ 24-7A-6.2, 28-6-1 (2018); N.Y. Public Health Law § 2504 (McKinney 2018); N.C. Gen. Stat. §§ 48A-2, 90-21.1 (2018); N.D. Cent. Code Ann. §§ 14-10-01, 14-10-17.1 (West 2018); Ohio Rev. Code Ann § 3719.061 (2018); Okla. Stat. tit. 63 §§ 2601, 2602 (2018); Or. Rev. Stat. § 109.640 (2018); 35 Pa. Cons. Stat. § 10101 (2018); 23 R.I. Gen. Laws § 23-4.6-1 (2018); S.C. Code Ann. § 63-5-340 (2018); S.D. Codified Laws §§ 20-9-4.2, 26-1-2 (2018); Tenn. Code. Ann. §§ 1-3-105, 68-34-107 (2018); Tex. Fam. Code Ann. § 32.003 (West 2018); Tex. Civ. Prac. & Rem. Code § 129.001 (2018); Utah Code Ann. § 78B-3-406 (West 2018); Vt. Stat. Ann. tit. 18 § 4226 (2018); Vt. Stat. Ann. tit. 1 § 173 (2018); Va. Code Ann. §§ 1-204, 54.1-2969 (2018); Wash. Rev. Code Ann. §§ 7.70.065, 26.28.010 (West 2018); W. Va. Code §§ 2-3-1, 49-2-701 (2018); Wis. Stat. §§ 48.375, 990.01 (2018); Wyo. Stat. Ann. (2018).

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Matthew R. McLain of McLain Law, P.A., Longwood, for Appellant.

Ashley Moody, Attorney General, and Steven Edward Woods, Assistant Attorney General, Tallahassee, for Appellee.